HARRIS, et al. *v.* McMULLAN, et ux.

Division B.   Oct. 22, 1951.

No. 38060 (54 So. (2d) 544)

. R. H. Day, W. M. Everett and H. C. Stringer, for appellants.

A. B. Amis, Jr., for appellees.

Roberds, P. J.

This is a land-line controversy. Appellants, and appellee, Joseph W. McMullan, have the legal title to adjoining lots in the Town of Decatur, Mississippi, the lot of appellants lying immediately to the north of the McMullan lot. Appellants claim McMullan and his wife came across the dividing line and wrongfully took, and then had, possession of all, or a part of, their lot. They instituted this action to eject the McMullans from their property. The jury returned a verdict for defendants,

384

thereby finding that the McMullans had not encroached upon the lot of plaintiffs.

Appellants say they were entitled to a directed verdict. This is based upon the assumption that a survey made by W. J. Burke, employed by plaintiffs, was correct and uncontradicted, showing the McMullans to be in possession of the south part of the lot of appellants. No Government field notes of the area existed, nor was there an existing map or plat thereof. Burke found his starting point by this method: He examined on record a number of deeds to individuals, and, assuming the descriptions, dimensions and courses in these deeds to be correct, ran his lines accordingly, pieced and added together the described parcels in the deeds, and arrived at his starting point, some distance from the lots involved, from which point he tried to locate the dividing line between the lots of the litigants, locating the McMullan residence some sixty feet upon appellants' lot. He admitted he did not know whether his survey was accurate had he been able to start from a fixed governmental corner. In fact, he strongly intimated he thought such a survey would not have been in accord with the one he made. He was asked "It is possible that your survey is all wrong if you made a true and accurate survey according to the field notes?" He replied: "According to the field notes, but according to the deeds it would not be." "Q. According to the deeds and assuming distances and locations? A. Yes." In addition to this, Mr. Burke said he had made another survey for the purpose of locating this dividing line, which differed very materially at the point in controversy from the survey about which he testified, and upon which plaintiffs relied. The accuracy and weight of the survey in evidence were questions for the jury.

But the case must be reversed and remanded because of the error in granting to defendants the following instruction: "The Court charges the jury for the defendants that the description of the lands in the deed

from S. A. May to Cecile Harris and Mrs. Nora Belle Snowden begins at a fixed U. S. Government corner, and if you believe from the preponderance of the testimony that the survey testified about in this cause was not begun from such fixed and established corner, and that such survey does not truly represent and show the location of the lands in controversy, then you may entirely disregard such survey and plat and all testimony pertaining to same in arriving at your verdict in this cause.'' It will be noted the instruction assumes as a proven fact that the beginning point of the description in the deed from May to appellants was a fixed United States Government corner. No such fact is established by the proof in this record, nor can the fact be deduced from the method used by the Government in making its surveys. The commencing point of that deed was the Northwest corner of the SW ¼ of the NE ¼ of Section 19. That beginning point is on the half section line of the section, a distance of a quarter of a mile south of the north line of the section and three-quarters of a mile north of the south line of the section. In other words, it is the corner of a quarter of a quarter of the section. No markers, or monuments, were placed by the Government under its survey at such corner. In fact, the quarters were not subdivided by the Government survey. No quarter-quarter lines were run. Patton on Titles, p. 243. Assumption of so important, but unestablished, fact, coupled with the admission of Burke, the surveyor, that he did not start at such corner, naturally discredited, to a large extent, the accuracy of his survey in the estimation of the jury. ██ █ Instructions cannot be based upon assumed, but unestablished, material facts. Wilburn v. Gordon, 209 Miss. 27, 45 So. (2d) 844.

Reversed and remanded.