Freida MANDEL and Sam Mandel, Plaintiffs-Appellees,

v.

PENNSYLVANIA RAILROAD COMPANY, Defendant-Appellant.

No. 379, Docket 26830.

United States Court of Appeals Second Circuit.

Argued May 5, 1961.

Decided May 23, 1961.

On Petition for Rehearing July 17, 1961.

James S. Rowen, New York City (Conboy, Hewitt, O'Brien & Boardman, New York City, on the brief), for defendant-appellant.

Harris Birnbaum, Brooklyn, N. Y. (Lester E. Mosher, Brooklyn, N. Y., on the brief), for plaintiffs-appellees.

Before LUMBARD, Chief Judge, and HINCKS and MOORE, Circuit Judges.

PER CURIAM.

Mr. and Mrs. Mandel were passengers on one of defendant's trains, en route from New York City to Hot Springs, Arkansas, when the accident which gave rise to this action occurred. Near 1 a.m., Mrs. Mandel, while walking to the ladies' lavatory in the rear of the car, fell and was injured. Alleging that her fall was caused by the wet and slippery condition of the car's floor, the inadequacy of lighting, the manner in which the train was operated, and its speed, the Mandels commenced this action in the Supreme Court of the State of New York, Kings County. It was removed to federal court by reason of diversity of citizenship. The jury returned a verdict of $20,000 for Mrs. Mandel and $2,000 for Mr. Mandel, upon which judgment was entered. Defendant appeals.

Defendant's principal claim of error relates to the charge. Actually, however, the judge charged the jury in accordance with the rules of law that defendant invokes. His charge, the relevant portions of which are set out in the margin,[1] was that unless there was evidence of "extraordinary swaying or jerking or jolting," none of which he himself remembered, the operation of the train was prudent, but that this would not prevent a finding of negligence based on the floor and lighting conditions. Concerning these items there was adequate evidence. It must be presumed that the jury's verdict was based on negligence thus properly found and not, contrary to the charge, upon extraordinary swaying of which there was no evidence.

Defendant also attacks the conduct of the trial and the admission of testimony,

[1] "Now, in determining every one of these facts, and the testimony generally, and in giving the weight, you should and must use your good common sense, your experience, and we know from experience that every train sways, and comes to a stop.

"The Court has no independent recollection of any testimony as to whether there was any extraordinary swaying or jerking or jolting of this train. Of course, if you find that there was no extraordinary jolting or swaying or jerking of this train, then you should find that the operation of this train, as far as the movement of this train, was prudent, and there was no negligence in this particular aspect.

"That does not mean, that if you find an absence of swaying or jerking, that you still can not find that there was debris or slush and an absence of light that caused the injury."

**435**

but points to nothing which would warrant reversal. Accordingly, the judgment is

Affirmed.

On Petition for Rehearing.

PER CURIAM.

Our original opinion filed May 23, 1961 was based on a belief that the trial judge had effectively removed from consideration by the jury any claim of injury due to extraordinary swaying of the train by the excerpt from the charge therein quoted. But this position, we must in candor admit, is untenable in view of the later instructions which the appellant now stresses. Thus the jury was instructed that if it found the passageway of the car unsafe because of slush or lack of light "or if you find that the train was moving along in such a negligent and careless manner that there was an *extraordinary jerking or jolting or swaying,* and again, I say only if there is such evidence of this, and *I leave it to the jury's best recollection to determine that * * *.*" That the emphasis just indicated is ours—and not necessarily that of the judge below—cannot disguise the fact that the jury was given to understand that it lay within their power to find extraordinary swaying. Especially is this so in view of an instruction given in the course of the exceptions to the charge that "if you find that there was an extraordinary swerving * * * then obviously no knowledge of such an act [on the part of the railroad] must be shown * * *" And the appellant is right in its assertion that there was no evidence whatsoever of extraordinary swaying.

■ It follows that an issue was submitted to the jury on which there was no evidence. This was reversible error, as is attested by myriad cases, e. g., Wilmington Star Mining Co. v. Fulton, 205 U.S. 60, 78–79, 27 S.Ct. 412, 51 L.Ed. 708; Erie Railroad Co. v. Gallagher, 2 Cir., 255 F. 814; Schilling v. Delaware & Hudson R. Corp., 2 Cir., 114 F.2d 69;

Thompson v. Peterson, 152 App.Div. 667, 137 N.Y.S. 635.

■ Since now persuaded that there must be a new trial a word or two is in order on other claims of error originally pressed which otherwise may reoccur. We agree that it was improper to allow the plaintiff-husband to testify to complaints made by his wife, Raymond & Whitcomb Co. v. Ebsary, 2 Cir., 9 F.2d 889, and to question witnesses (railroad employees) as to complaints as to the condition of the car made by a third person (Barron) who never testified. Cf. Syracuse Broadcasting Corp. v. Newhouse, 2 Cir., 236 F.2d 522. The questions cannot be justified as proper cross-examination: the witnesses denied having received complaints from Barron and his statement, which was marked Exhibit Q for identification, failed to show that he did indeed complain to the witnesses. Merely because we thought these errors in the context of the first trial were harmless, it does not follow that they should be repeated in a second trial.

Reversed and remanded.