OLIN MATHIESON CHEMICAL CORPORATION *v.*
GIBSON'S PHARMACY OF VICKSBURG, INC.

No. 43218 December 7, 1964 169 So. 2d 779

*Teller, Biedenharn & Rogers,* Vicksburg, for appellant.

*Brunini, Everett, Grantham & Quin, William G. Beanland,* Vicksburg and Jackson, for appellee.

GILLESPIE, J.

This case arose under Mississippi Code Annotated section 1108 (1956), referred to herein as the Fair Trade Act. The direct and cross-appeals present three questions: (1) Should this Court review Sheaffer Pen Co. v. Barrett, 209 Miss. 1, 45 So. 2d 838 (1950), holding the Fair Trade Act constitutional, and overrule that decision; (2) is the non-signer provision of the Fair Trade Act invalid because it was enacted prior to passage of the McGuire Act, 66 Stat. 632 (1952), 15 U.S.C. sec. 45 (1958), and has not been re-enacted; and (3) were Squibb trade-marked products in fair and open competition with commodities of the same general class produced by others? We reaffirm *Sheaffer Pen Co.* and hold the Fair Trade Act valid and enforceable without re-enactment following passage of the McGuire Act. We also hold the evidence justified the chancellor's finding that Squibb's products were in fair and open competition with commodities of the same general class produced by others.

The pertinent provisions of the Fair Trade Act, adopted by the Mississippi Legislature in 1938, are as follows:

"No contract relating to the sale or resale of a commodity which bears, or the label or content of which bears, the trade-mark, brand, or name of the producer or owner of such commodity and which is in fair and open competition with commodities of the same general class produced by others shall be deemed in violation of any law of the State of Mississippi by reason of any of the following provisions which may be contained in such contract:

"1. That the buyer will not resell such commodity except at the price stipulated by the vendor.

"2. That the vendee or producer require in delivery to whom he may resell such commodity to agree that he will not, in turn, resell except at the price stipulated by such vendor or by such vendee.

"Such provisions in any contract shall be deemed to contain or imply conditions that such commodity may be resold without reference to such agreement in the following cases:

"1. In closing out the owner's stock for the purpose of discontinuing delivering any such commodity.

"2. When the goods are damaged or deteriorated in quality, and notice is given to the public thereof.

"3. By any officer acting under the orders of any court.

"4. The resale of any of the goods purchased from sales exempted under two (2) and three (3) of this paragraph.

"Wilfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any prior existing contract entered into pursuant to the provisions of Section 1 of this Act, whether the person so advertising, offering for sale or selling is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby.''

The Squibb Division of Olin Mathieson Chemical Corporation, herein referred to as Squibb, complainant below and appellant here, filed its original bill for injunction against defendant below and appellee here, Gibson's Pharmacy of Vicksburg, Inc., hereinafter referred to as Gibson's. The bill sought an injunction enjoining Gibson's from advertising and selling trade-marked goods of Squibb in the pharmaceutical field, at prices below the minimum resale prices established by Squibb under the terms of the Fair Trade Act.

The chancellor issued a temporary injunction and, upon the hearing of Gibson's motion to dissolve, found Squibb products were in fair and open competition with the commodities of the same general class produced by others. The temporary injunction was dissolved, and the original bill dismissed. Squibb appealed to this

Court. The chancellor denied enforcement of the Fair Trade Act because he was of the opinion that Section 2 (non-signer provision) of the Fair Trade Act was at the time of its enactment in 1938 in conflict with the Sherman Anti-Trust Act, 26 Stat. 209 (1890), 15 U.S.C. sec. 1 (1958), and therefore void under the Commerce and Supremacy Clauses of the United States Constitution. He also held that notwithstanding passage of the McGuire Act, the Fair Trade Act remained void because it had not been re-enacted by the Legislature.

Gibson's is a part of a discount chain and operates a pharmacy in the City of Vicksburg. It has no contract with Squibb. It admitted advertising and selling trademarked Squibb products in Vicksburg at prices substantially below the minimum resale prices set by Squibb by contracts entered into with other Mississippi retail druggists under the provisions of the Fair Trade Act. Gibson's also admitted that such practices were continued after having been notified of the existence of the contracts and price schedules, and after Squibb had notified Gibson's to cease advertising and selling said products below the minimum resale prices. All commodities involved moved in interstate commerce.

Gibson's defended on the ground that the statute was unconstitutional, the non-signer provision invalid because the Fair Trade Act was enacted prior to the passage of the McGuire Act, and that Squibb's commodities were not in fair and open competition with commodities of the same general class produced by others.

██ ██ We consider first the constitutionality of the Fair Trade Act raised by the cross-appeal. This question was placed squarely before this Court in Sheaffer Pen Company v. Barrett, 209 Miss. 1, 45 So. 2d 838 (1950), and after considering the same contentions made by Gibson's in the present case, the Act was held constitutional. Gibson's now says that of the fifteen states

whose decisions were cited to the Court in *Sheaffer Pen Co.* as upholding fair trade laws, five have reversed themselves and now hold the Act unconstitutional, and there are now only fourteen states whose courts hold fair trade acts constitutional.

The constitutional issue has been settled. We find no valid reason for overruling the *Sheaffer Pen Co.* decision. █ It is proper to consider the decisions of other courts on a constitutional question of first impression in this State, but once the question is settled we should not be concerned with what other states do. In reaffirming *Sheaffer Pen Co.*, we are not indicating our approval of fair trade legislation from an economic standpoint. █ We have no rightful power to judge the validity of the Fair Trade Act except to determine whether the Constitution withheld from the legislature the power to enact it. Whether it is economically wise, and whether it helps or harms the consumer, the retailer, the manufacturer, or any other economic group, are not matters for the legitimate concern of this Court. Such issues must be resolved in the market place and the legislature.

 █ We now consider whether the trial court was in error in holding the non-signer clause of the Fair Trade Act void at the time of its enactment because it was in conflict with the Sherman Anti-Trust Act, 26 Stat. 209 (1890), 15 U.S.C. sec. 1 (1958), and, therefore, unenforceable notwithstanding passage of the McGuire Act, 66 Stat. 632 (1952), 15 U.S.C. sec. 45 (1958), until re-enacted by the legislature.

In Dr. Miles Medical Co. v. John D. Park & Sons Co., 220 U.S. 373, 31 S. Ct. 376, 55 L. Ed. 502 (1911), a manufacturer's resale price maintenance program involving interstate commerce was held to be in violation of the Sherman Anti-Trust Act. Thereafter in Boston Store v. American Graphophone Co., 246 U.S. 8, 38 S. Ct. 257, 62 L. Ed. 551 (1918), the Court in effect

suggested that the remedy for any harmful effects of the decision in *Dr. Miles Medical Co.* was legislative action. Thereafter an Illinois Fair Trade Act was held constitutional in Old Dearborn Distributing Co. v. Seagram-Distillers Corp., 299 U.S. 183, 57 S. Ct. 139, 81 L. Ed. 109 (1936). Since state statutes authorizing prize maintenance were still unenforceable as to articles moving in interstate commerce under the decision in *Dr. Miles Medical Co.,* Congress passed the Miller-Tydings Amendment to the Sherman Anti-Trust Act, 50 Stat. 693 (1937), 15 U.S.C. sec. 1 (1958), obviously intending to validate state fair trade laws. That was the state of the law when this Court decided Sheaffer Pen Co. v. Barrett, 209 Miss. 1, 45 So. 2d 838 (1950).

The following year the case of Schwegmann Bros. v. Calvert Distillers Corp., 341 U.S. 384, 71 S. Ct. 745, 95 L. Ed. 1035 (1951), reached the Supreme Court, and it was held that the Miller-Tydings Act exempted only express contractual agreements from the operation of the Sherman Anti-Trust Act and the non-signer provisions of state laws were still in violation of the Sherman Anti-Trust Act. Following that decision, the McGuire Act, 66 Stat. 632 (1952), 15 U.S.C. sec. 45 (1958), was passed specifically exempting the non-signer provisions of fair trade acts from the operation of the Sherman Anti-Trust Act. The McGuire Act was held constitutional in Schwegmann Bros. v. Eli Lilly & Co., 205 F. 2d 788 (5th Cir. 1953), Cert. denied, 346 U.S. 856, 74 S. Ct. 71, 98 L. Ed. 369 (1953), rehearing denied, 346 U.S. 905, 74 S. Ct. 217, 98 L. Ed. 404 (1953).

It was competent for the State of Mississippi to pass the Fair Trade Act applicable to all business done in the State. This is what the Act in question does. The only effect of the Sherman Anti-Trust Act on the Mississippi Fair Trade Act was to make it inoperative upon commodities regulated by the Sherman Anti-Trust Act enacted under the Commerce Clause

of the Constitution of the United States. The Mississippi Act was not void because of the Sherman Anti-Trust Act but merely inoperative as to articles in interstate commerce insofar as the non-signer provisions were concerned until passage of the McGuire Act. ■■ The authorities are in agreement that Congress has the power to redefine the distribution of power over interstate commerce as it did in the McGuire Act. ■■ We hold that the Fair Trade Act was valid when enacted but the non-signer provisions were unenforceable or suspended by the existence of the Sherman Anti-Trust Act until passage of the McGuire Act. This holding is in accord with the overwhelming weight of authority. In Re Rahrer, 140 U.S. 545, 11 S. Ct. 865, 35 L. Ed. 572 (1891); Home Utilities Co. v. Revere Copper & Brass, Inc., 209 Md. 610, 122 A. 2d 109 (1956); General Electric Co. v. Packard-Bamberger & Co., 14 N.J. 209, 102 A. 2d 18 (1953); General Electric Co. v. Masters, 307 N.Y. 229, 120 N.E. 2d 802 (1954); Burche Co. v. General Electric Co., 382 Pa. 370, 115 A. 2d 361 (1955).

The only authority to the contrary is Grayson-Robinson Stores v. Oneida Ltd., 209 Ga. 613, 75 S.E. 2d 161 (1953). The Court held that the Georgia Fair Trade Act, enacted before passage of the McGuire Act, was unenforceable until re-enacted by the legislature. The Court held that under the Georgia Constitution the fair trade statute was void *ab initio* because it was in conflict with the Sherman Anti-Trust Act and, therefore, offended both the Supremacy and Commerce Clauses of the Constitution of the United States. Mississippi has no similar constitutional provision.

The contention that the non-signer provisions of the Fair Trade Act were void at the time of enactment and unenforceable until re-enacted is not supported by reason or authority.

■■ The testimony was sufficient to show that Squibb products were in fair and open competition with

commodities of the same general class produced by others. The argument of Gibson's on this point contains no citation of authority and we are unable to say the chancellor was manifestly wrong in his finding.

For the reasons stated the case is reversed and rendered on direct appeal, affirmed on cross-appeal, and remanded for issuance of an injunction as prayed for in the original bill.

Reversed and rendered on direct appeal; affirmed on cross-appeal; and remanded.

*Lee, C. J., and Rodgers, Jones and Brady, JJ.,* concur.