**Martha Jean LENTZ, Plaintiff-Appellee,**

v.

**Christian H. SCHAFER, Defendant-Appellant.**

**No. 16946.**

United States Court of Appeals
Seventh Circuit.

Dec. 16, 1968.

Thomas C. Stifler, III, Danville, Ill., John G. Stifler, Chicago, Ill., for defendant-appellant; Stifler & Snyder, Danville, Ill., Raymond, Mayer, Jenner & Block, Chicago, Ill., of counsel.

Harlan Heller, Mattoon, Ill., for plaintiff-appellee; Ryan & Heller, Mattoon, Ill., of counsel.

Before MAJOR, Senior Circuit Judge, and HASTINGS and CUMMINGS, Circuit Judges.

MAJOR, Senior Circuit Judge.

This appeal is from a judgment entered in a diversity action pursuant to a jury verdict awarding damages to plaintiff for injuries sustained as a result of an automobile collision allegedly due to defendant's negligence. Plaintiff at the time was a guest passenger in a car driven by her husband.

The contested issues are that the court erred (1) in its failure to instruct the jury regarding the duty of plaintiff to wear a seat belt as bearing upon due care to avoid injury and to mitigate damages, and (2) in its denial of defendant's motion, appropriately made, for a directed verdict.

We shall first dispose of the second issue, that is, that the court erred in denying defendant's motion for a directed verdict. In this connection it is pertinent to note that mere negligence of plaintiff's driver would not have been sufficient to absolve defendant of liability. Such negligence would have been sufficient only if it had been the sole proximate cause of the collision. This was recognized by the trial court when it instructed the jury that before they could find in favor of defendant and against plaintiff, they must believe that "the accident in question was due solely to the negligence of a third person and not through any negligence on the part of the defendant."

It hardly seems necessary to cite cases in support of the universal rule that in determining whether an appropriate jury question was presented we must consider the record in the light most favorable to plaintiff. As was aptly stated in Ralston Purina Co. v. Parsons Feed and Farm Supply, Inc., 8 Cir., 364 F.2d 57, 59:

"Our function as a reviewing court is to consider the evidence in the light most favorable to the prevailing party and we must assume that all conflicts in evidence were resolved by the jury in favor of the prevailing party." (Citing cases.)

With this premise in mind, we think an abbreviated statement of the facts will suffice. On September 11, 1966, plaintiff was riding in the front seat of an automobile driven by her husband. They were headed in an easterly direction on Route 15 near Mt. Carmel, Illinois, when they collided with an automobile driven by Louis Pilcher, who was not made a party to this action. The evidence is without dispute that at the time of the collision the car driven by Lentz was properly equipped with two sets of seat safety belts for the front seat, as required by Illinois law, but that the belts were not being used by either Lentz or plaintiff. Approaching the Lentz car and traveling west was a car driven by defendant Schafer, followed by a car driven by Pilcher.

The Lentz car was traveling approximately sixty miles per hour over a hilly, narrow highway. As it approached the place of the collision it proceeded down a hill to a dip and then ascended a steep slope in the highway. At the time Lentz ascended the hill he could not see over the top but he had previously seen and knew that cars were approaching from the opposite direction.

Defendant testified that as he proceeded west he intended to make a left turn into a driveway located near the top of the hill. He slowed down, signaled for the turn and traveled across the south portion of the highway occupied by Lentz. Defendant failed to see the approaching car of Lentz, and Lentz in order to avoid a collision with defendant's car made a quick turn to the left and collided with the Pilcher car which had been following Schafer.

There was evidence that the collision between the Lentz and Pilcher cars occurred almost straight across from the driveway into which Schafer had turned, and that the collision happened instantly after the Schafer car made a sharp left turn.

As shown by the court's instructions, both Lentz and defendant claimed negligence on the part of the other for failure

to comply with certain provisions of the Illinois Statutes pertaining to motor vehicles. Defendant claimed that Lentz was negligent in driving at a speed greater than reasonable and proper considering the highway terrain, and Lentz claimed that defendant was negligent in not yielding the right-of-way to a vehicle approaching from the opposite direction.

■■ Even though the factual situation is confusing, we hold that a jury question was presented and that the court did not err in its refusal to direct a verdict in favor of defendant. Any negligence on the part of the driver of the Lentz car was not imputable to plaintiff, a passenger, and would not bar her right to recover unless it was the sole proximate cause of the collision.

Now turning to the seat belt phase of the case, defendant tendered his instruction No. 5 in the language of the Illinois Statutes (Ill.Rev.Stats.1967, Chap. 95½, Sec 217.1), as follows:

"You are instructed that a Statute of the State of Illinois provided that after March 1, 1966, no person shall operate any 1961 or later model passenger automobile unless the front seat of such motor vehicle is equipped with two sets of seat safety belts for the front seat and unless such seat belts are installed in such manner as to prevent or materially reduce the movement of the person using the same in the event of collision or upset of the vehicle."

■ This provision is limited to the requirement that a motor vehicle be equipped with seat belts. Neither this provision nor any other in Illinois requires that such belts be used by those riding in the car. Certainly it could have been of no benefit to defendant for the court to call the jury's attention to the undisputed fact that plaintiff was in compliance with, not in violation of, the statutory provision. We think the instruction was properly refused.

We gather from defendant's argument it is not now seriously contended that the instruction offered was improperly refused. Rather, it is argued that the court's attention having been called to the seat belt subject matter, it was obligated to instruct the jury as to the effect which plaintiff's failure to use the seat belt had upon her right to recover. Of the numerous cases cited in support of this argument, the one most pertinent is the recent decision of this court in Florists' Nationwide Telephone Delivery Network v. Florists' Telegraph Delivery Association, 371 F.2d 263, 270, wherein we stated:

"A party is entitled to instructions presenting his theory of the case if there is evidence to support it. Allers v. Bohmker, 7 Cir., 199 F.2d 790. And this right is not satisfied by a general instruction as distinguished from specific instructions on the theory of defense which cover or relate to the various elements of that theory for which there is record evidentiary support. Chicago & North Western Railway Company v. Rieger, 8 Cir., 326 F.2d 329, 336. And even where the requested instruction is not entirely perfect there are situations where the court is not relieved of its duty to give the substance of the requested instruction where it appears that an instruction on the issue is needful to enable the jury to intelligently determine the question. *Rieger*, supra, 326 F.2d 329, 334 and 336."

■ A mere reading of this statement reveals that it is of little if any pertinency here. In that case the court had before it a situation wherein the defendant had offered imperfect instructions embodying its theory of defense. In the case before us no instruction was offered relative to plaintiff's failure to use the seat belt. The instruction which was offered was denied because it was without relevancy, not because it was imperfect. More than that, no theory of defense was interposed, based on plaintiff's failure to use the seat belt. That defense, as we shall now show, was conceived long after the case was tried.

The judgment under attack was entered October 3, 1967. Defendant's motion to arrest judgment, to enter judgment notwithstanding the verdict and for a new trial was entered October 13, 1967. Defendant as grounds for a new trial specified alleged trial errors in great detail, particularly errors relative to a number of instructions given on behalf of plaintiff. No error was specified because of the court's failure to give any instruction offered by defendant, or that it should have given an instruction not offered and no mention was made of any theory of defense based upon plaintiff's failure to use a seat belt.

It has been held that grounds not set forth in a motion for a new trial should not be considered by a Court of Appeals. See Demeretz v. Daniels Motor Freight, Inc., 3 Cir., 307 F.2d 469, 472, and Turner v. Ohman House Corporation, 6 Cir., 376 F.2d 347, 350.

Even so, we think in fairness to all parties we should proceed further. At the time the instant case was tried, there was no decision by an Illinois reviewing court on the effect which failure to use a seat belt had upon a party's right to recover damages. On March 8, 1968, five months after judgment in the case was rendered and prior to the time defendant's brief was filed in this court, the Appellate Court of the Second District of Illinois decided Mount v. Mc-Clellan, 91 Ill.App.2d 1, 234 N.E.2d 329, in which the court after reviewing the cases from numerous jurisdictions held that evidence of failure to use a seat belt was admissible and stated the purposes for which it could be used.

Thus, it is understandable why defendant offered no instruction on plaintiff's failure to use the seat belt and interposed no theory of defense based thereon. The situation suggests that counsel in the absence of Illinois authority had no intention of taking off on an unchartered sea.

We conclude on this record and for the reasons shown that there was no error in the court's failure to instruct the jury on the effect to be given plaintiff's failure to use the seat belt. The judgment is

Affirmed.