GIRARD REMINGTON *v.* MICHAEL E. ARNDT ET AL.

SUPERIOR COURT       HARTFORD COUNTY       FILE NO. 160413

Memorandum filed October 7, 1969

*Courtney, Mansfield, Sullivan & Ripley,* of Hartford, for the plaintiff.

*Regnier, Moller & Taylor,* of Hartford, for the named defendant.

*Day, Berry & Howard,* of Hartford, for the defendant Rodriquez.

*Cooney & Scully,* of Hartford, for the defendants Plourde and Banville.

RUBINOW, J. The complaint alleges that the plaintiff was a passenger in an automobile operated by the defendant Arndt; that that automobile crashed into an automobile operated by the defendant Rodriquez which was stationary in the highway and blocking it; and that the plaintiff was injured as a result of the negligence of the defendants.

The defendant Rodriquez, hereinafter called the defendant, pleaded, as a second defense, that a proximate cause of any injury sustained by the plaintiff was the plaintiff's negligence in failing to fasten his seat belt. The plaintiff has demurred to this second defense.

In his answer, the defendant admits that the plaintiff was a passenger. It is, therefore, obvious that the defendant cannot claim that the plaintiff was contributorily negligent in the sense that his conduct was a contributing cause of the collision between the Arndt vehicle and the defendant's vehicle. The defendant's claim is, rather, that the plaintiff's conduct caused the plaintiff to sustain injuries which he would not have sustained if he had fastened his seat belt. The distinction between these two phases of a plaintiff's alleged negligence has been long recognized in this state. "To . . . [defeat the action] it must be an act or omission which contributes to the happening of the act or event which caused the injury. An act or omission that merely increases or adds to the extent of the loss or injury will not have that effect, though of course it may affect the amount of damages recovered in a given case." *Smithwick* v. *Hall & Upson Co.,* 59 Conn. 261, 271.

There may, of course, be special cases where the failure to fasten the seat belt may bar the action, on the theory that the failure to fasten the seat belt is a proximate cause of the impact or trauma. See *Miller* v. *Miller,* 273 N.C. 228, 234 (citing hypothetical case of passenger who falls out of car as a result of failing to fasten seat belt, although driver warned him that lock on door was defective). On the present pleading, the present case is not one of those special cases. We are here concerned only with "no-seat-belt" as the basis of a claim that, in the collision which the plaintiff did not cause, he sustained injuries because he was not wearing a seat belt.

This claim raises first this question: Is it common-law negligence per se if the passenger does not fasten his seat belt on entering an automobile? The overwhelming weight of authority answers this question in the negative. See *Miller* v. *Miller,* supra, 233.

A corollary of this answer is that a passenger, on entering an automobile, is not under a common-law duty, in the absence of special circumstances, to anticipate that that automobile will be involved in an accident or to take the precautions which he ought to take if he so anticipated. Such a corollary accords with our law. "[V]ery little duty is required of a passenger in a motor vehicle. [He] . . . may be as supine as inert freight, particularly if he is in the back seat. He may sleep, read, talk, and generally be inattentive unless he knows of some impending danger." Wright & FitzGerald, Torts, p. 244.

On the other hand, after a journey has begun, circumstances may arise theoretically where due care will require a passenger to anticipate an accident and to take appropriate action if he has the opportunity to do so. Suppose, for example, the operator should warn the passenger, during the course of the journey, to fasten his seat belt because the brakes or the steering mechanism had suddenly become unreliable. In a case such as that, the same principle which might bar the action in cases where the passenger's trauma is directly related to the failure to fasten the seat belt would be applicable in mitigation of the plaintiff's damages. See *Smithwick* v. *Hall & Upson Co.*, supra. Accordingly, the court holds that although there is no unqualified or blanket common-law duty of a passenger to fasten his seat belt, such a duty may arise when there are circumstances which require him to anticipate a collision or other mishap and there is an opportunity for him to fasten the belt.

In the present case, as has been noted, the defendant has not pleaded any such circumstances. He has not even used a general or catchall clause which might permit him to show such circumstances, such as "under the circumstances then existing." He

has, instead, relied upon the bare allegation that the plaintiff was negligent in that he failed to fasten his seat belt and that that negligence was a proximate cause of the plaintiff's loss and injury. At the trial, the defendant's proof might be limited to the narrow allegation that the plaintiff did not fasten his seat belt, for Practice Book § 123 requires a party pleading contributory negligence to "specify the negligent acts or omissions on which he relies." Proof of this narrow allegation would not constitute proof of negligence, and, accordingly, the present allegations in the second defense do not spell out an omission to act which, without proof of other unalleged circumstances, would bar the action or mitigate damages. Accordingly, the demurrer must be sustained.

The demurrer to the second defense is sustained.