**Mrs. Frances Wood GLOVER et al.,
Plaintiffs,**

v.

**Mrs. Mary E. DANIELS, Defendant.**

**No. EC 6920–S.**

United States District Court,
N. D. Mississippi, E. D.

March 23, 1970.

Hunter M. Gholson, of Burgin, Gholson & Hicks, Columbus, Miss., for plaintiffs.

William J. Threadgill of Threadgill & Smith, Columbus, Miss., for defendant.

## OPINION

ORMA R. SMITH, District Judge.

This case is ·before the Court on plaintiffs' motion to set aside the verdict of the jury and the judgment of the Court rendered thereon and to grant plaintiffs a new trial [1] on the sole issue of damages.

The case was tried to a jury in the United States Courthouse at Aberdeen, Mississippi on November 10, 1969. The jury returned a verdict of $10,000.00 for plaintiffs and judgment was accordingly entered. The parties have submitted excellent and extensive briefs on the issues involved and they have been carefully considered by the Court.

On or about December 13, 1968, shortly before 8:00 p. m., James B. Glover was driving an automobile northward on U. S. Highway #45, south of Hamilton, Mississippi, and at said time and place the defendant was driving her automobile in a southerly direction on said highway. A collision occurred between the two automobiles resulting in the death of James B. Glover.

Decedent's wife, Mrs. Frances Wood Glover, individually and as the mother and next friend of decedent's five minor children, brought suit in the Circuit Court of Lowndes County, State of Mississippi, against defendant seeking to recover actual and punitive damages in the sum of Five Hundred Thousand Dollars ($500,000.00), together with all costs. The suit was timely removed to this Court pursuant to the provisions of 28 U.S.C.A. § 1441 et seq., there being diversity of citizenship and there being involved the requisite amount. After entry of the judgment on the verdict of the jury, and within the time permitted by Rule 59(b), Federal Rules of Civil Procedure, plaintiff [1] filed a motion for a new trial on damages alone. Plaintiff

1. While Mrs. Glover brings the action individually and as the mother and next friend of decedent's five minor children, when referring to plaintiffs in this opinion the Court will use the singular rather than the plural.

asserts three grounds for relief: First, plaintiff asserts that the verdict is grossly inadequate and evidences prejudice, passion, and bias on the part of the jury; Secondly, that the Court committed error in instructing the jury regarding failure of decedent to use a seat belt provided for his use in the automobile, which he was driving and permitting the jury to give consideration thereto as an element of contributory negligence; Thirdly, that counsel for the defendant improperly argued to the jury in his summation, when discussing damages, that Americans killed in Vietnam received $10,000.00, being the limit.

The Court has no trouble in determining that an award of $10,000.00 is grossly inadequate for the life of a 44 year old male person, in good health, with a large family regularly and gainfully employed, and earning in excess of $13,000.00 per annum.

However, in the case sub judice, there was evidence before the jury from which the jury could reasonably find that the decedent was guilty of negligence which contributed to his injury. Questions of negligence and contributory negligence are usually for the determination of the jury. Section 1455, Mississippi Code 1942, Annotated. It is also settled that contributory negligence, though not a bar to recovery in Mississippi, acts to diminish damages, otherwise recoverable. Section 1454, Miss. Code, 1942, Annotated.[2] Under the circumstances of this case the Court cannot disturb the verdict of the jury on the ground of inadequacy.

The remaining grounds asserted and argued by plaintiff are: (1) the seat belt instruction contained in the charge to the jury [3] (2) the alleged impropriety of remarks by defense counsel in his summation to the jury.[4]

---

2. See also Mitchell v. Craft. 1968, Miss., 211 So.2d 509.

3. The seat belt instruction contained in the Court's charge to the jury is as follows:

"The evidence in this case shows without dispute that the automobile being driven by the decedent, James B. Glover, at the time of the collision, was equipped with seat belts, and that neither he nor his wife, who was a passenger in the automobile with him at the time, were using the belts. The failure of decedent to use the seat belt, provided for his use in the automobile, is not negligence per se, that is to say, that the mere fact that the seat belt was not being used by him does not constitute negligence on his part.

It is, however, for the jury to decide whether the decedent, in the exercise of ordinary care for his own safety, as a reasonable and prudent person should have made use of the belt on the occasion in question.

If you find from a preponderance of the evidence in the case that the decedent, as a reasonable and prudent person, in the exercise of ordinary care, for his own safety, should have made use of the seat belt, then such failure constituted negligence on his part.

Such negligence, if any, however, did not in any way contribute to the collision of the automobiles, and you are not to consider such negligence, if any, in deciding whether the collision of the automobiles proximately resulted, in whole or in part, from such negligence of defendant.

If you should find from a preponderance of the evidence that decedent was guilty of negligence for not using the seat belt, such negligence can be considered by you only in connection with damages, if any, if you should award any in this case.

If you find from the preponderance of the evidence that plaintiff is entitled to recover damages of the defendant, and that decedent was guilty of negligence for not using his seat belt, and that such failure proximately contributed to his injuries and to his death, then you may consider such negligence, only in diminution of the damages to which plaintiffs would otherwise be entitled to recover."

4. The questioned portion of defense counsel's argument, as shown by the court reporter's notes, is:

"Now, if money would bring Mr. Glover back, that would be something else again, but money won't do it, all that there is.

This astronomical figure that they talk about is, is absolutely ridiculous. I read the other day there have been 39,000, 39,000, Americans killed in Korea—Korea—I'm sorry, Vietnam. I

In diversity cases, the federal courts apply State Substantive Law and Federal Procedural Law. Freeman v. Continental Gin Company.[5] The Supreme Court of Mississippi has never spoken on the question of whether the failure of a motorist to use an available seat belt while driving or riding in an automobile on a public highway within the State can be considered by the jury as an act of negligence, contributing to any injury received by such motorist. In such a situation the Court's duty is well defined. Commenting on this duty the Fifth Circuit said in Jackson v. Sam Finley.[6]

> "Where the highest court of the state has not authoritatively spoken, the federal court may assume that state law will accord with generally accepted principles of substantive law. * * * But in such a situation, a federal diversity court nevertheless has an obligation to carefully examine the rules of construction and the substantive approach of the state court in analogous areas in an attempt to derive 'instructive guidance' from the state tribunal."

The Court must now make "an enlightened guess" as to the law of Mississippi on the subject. Necaise v. Chrysler Corporation.[7]

In the Court's research of the law only one Mississippi case has been located which makes reference to seat belts. Rivers v. Carpenter.[8] The file in *Rivers* reflects that seat belt instructions were granted the defendant by the lower court, whereby the jury was permitted to consider non-use thereof, as an element of contributory negligence. The granting of the instructions was not assigned as error, on appeal, and consequently was not considered by the Court.

*Rivers* being the only Mississippi case found on the subject of seat belts, it is necessary for the Court to search other jurisdictions in order to determine, to the best of the Court's ability, the generally accepted principle of substantive law on the subject.

In a case of first impression Mississippi Courts look to other jurisdictions in determining the matter. Olin Mathieson Chemical Corp. v. Gibson's Pharmacy of Vicksburg, Inc.[9]

In support of her motion, plaintiff cites Brown v. Kendrick,[10] where the Florida Supreme Court rejected the seat belt defense. This was an action by a minor guest passenger for injuries sustained by plaintiff while riding in an automobile owned by defendant and driven by his minor son. In that case the court said:

> "It may be that after further research by various safety committees, the law may be changed to require the use of seat belts and to affix some element of negligence for failure to use same. This is not the law today and it is not within the province of this court to legislate on the subject, regardless of what might be the thinking of the individual members of this court. * * So, in this state of quandry, the plaintiff and defendant could each have argued on the merits of the use of seat belts, but each argument would necessarily have been conjectural and of doubtful propriety. * * * Certainly, as pointed out by the appellee, the plaintiff's failure to fasten her seat belt was not such negligence as to contribute to the occurrence of the accident, nor to be the proximate contributing cause of the injury in the absence of a showing that the accident

don't know how many were killed in Korea. The limit is about to exceed what were killed in World War I. Those 39,000 men killed in Vietnam, get $10,000.00 apiece, is the limit. So these astronomical figures don't hold water in my book."

5. 381 F.2d 459, 463 (5 Cir. 1967).

6. 366 F.2d 148, 153 (5 Cir. 1966).

7. 335 F.2d 562, 568 (5 Cir. 1964).

8. Miss., 203 So.2d 574 (1967).

9. 251 Miss. 294, 169 So.2d 779 (1964).

10. Fla.App., 192 So.2d 49 (1966).

could have been avoided in the absence of such a negligent act." [11]

The United States District Court for the Northern District of Florida considered the question in Woods v. Smith.[12] This was a diversity action brought to recover damages for injuries sustained in an automobile accident which occurred in the State of Oklahoma. The question presented by the case was whether failure of a plaintiff to fasten and use a seat belt in an automobile, to which he had access, may be presented at the trial as contributory negligence barring recovery, or in the mitigation of damages. Oklahoma has a statute which makes it unlawful to sell a passenger vehicle manufactured after 1966 to any of its residents, if it is not equipped with safety belts or shoulder harness combinations, for use by passengers in the left or right front seat, but their use by drivers or passengers is not required. The court concluded that Oklahoma would not allow a failure to fasten and use seat belts to be presented either as evidence of contributory negligence, or in mitigation of damages, and in conclusion said:

" * * * there must be at least some indication that the plaintiff was under a duty to use a seat belt to provide for his own safety, and that failure to use it was a cause of plaintiff's injury, before the Court is required to submit the issue to the jury. The holding here is that, as a matter of law, there is no such duty, nor could such failure be a proximate cause of injury, and submission to the jury of the issue is not required."

The Florida district court based its opinion, as to proximate cause, on Oklahoma's definition of proximate cause:

" * * * that the proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury and if

the negligence merely furnishes a condition by which the injury was possible and a subsequent act caused the injury, the existence of such a condition is not the proximate cause of the injury * * * " [13]

The United States District Court for the District of Oregon considered the issue in Robinson v. Bone.[14] The court said:

"Inasmuch as the Oregon legislation does not require the use of the belts, the failure to use, under Oregon law, is not negligence per se. Moreover, I find nothing in the Oregon decisions which would point to common law liability. From the public records of the Department of Motor Vehicles of the state of Oregon, I take judicial notice of the fact that an overwhelming majority of the automobiles now, and at the date of this accident, using the highways of this state, were sold and in use prior to November 1, 1964. It would be a strange common law rule which would bar recovery to a guest riding in a post-October belt equipped vehicle, while, on the same state of facts, permitting recovery to a guest riding in a pre-November vehicle, i. e. one not equipped with seat belts. For these, and many other reasons advanced in *Miller*, I hold that the mere failure to use a seat belt does not, under the facts outlined in the pretrial order, charge contributory negligence, nor does it state a claim in mitigation of damages."

In *Robinson* the court reasoned that the Oregon court would adopt the rule stated in Miller v. Miller.[15] In *Miller* the plaintiff was a passenger in his own automobile which defendant was driving and which subsequently left the highway and overturned injuring plaintiff. Defendant contended that plaintiff's failure to fasten his seat belt constituted

---

11. Fla.App., 192 So.2d at p. 51.

12. 296 F.Supp. 1128 (1969).

13. 296 F.Supp. at 1129 where the court cited Cheatham v. Van Dalsen, 350 P. 2d 593 (Okl.1960).

14. 285 F.Supp. 423 (D.C.Or.1968).

15. 273 N.C. 228, 160 S.E.2d 65 (1968).

negligence and was a proximate cause of the injury which he sustained. Defendant also contended that the failure of the plaintiff to fasten his seat belt was calculated to and did contribute to injuries which he received and that plaintiff failed to mitigate damages to himself. The lower court sustained a demurrer to both of these defenses (contributory negligence and the doctrine of avoidable consequences) and the North Carolina Supreme Court affirmed, holding that in order to be guilty of contributory negligence, the situation must be such that plaintiff, with prior knowledge of a specific hazard—one not generally associated with highway travel and one from which a seat belt would have protected him—failed or refused to fasten his seat belt. The *Miller* court, in considering the case of Bentzler v. Braun,[16] said:

"Although the court said that it is not negligence per se to fail to use an available seat belt, it is said that there is a duty based on the common-law standard of ordinary care to use the belt."

and, the *Miller* court went on to say:

"Due care is measured by the customary conduct of the reasonably prudent man. The scant use which the average motorist makes of his seat belt, plus the fact that there is no standard for deciding when it is negligence not to use an available seat belt, indicates that the court should not impose a duty upon motorists to use them routinely whenever he travels upon the highway. If this is to be done, it should be done by the legislature."[17]

Commenting further, the court said in *Miller* that should the use of seat belts be required by law, there was little doubt that the testimony of professional safety experts would be made available to both plaintiff and defendant. Notwithstanding this, the court said, it would probably remain a matter of conjecture to what extent a motorist's injuries are attributable to his failure to use a seat belt and whether, had it been used, other and different injuries would have resulted. The court in talking about the doctrine of avoidable consequences said:

"The seat-belt situation does not fit the doctrine of avoidable consequences because the failure to fasten the seatbelt occurred before the defendant's negligent act and before the plaintiff's injury."[18]

In a case from the United States Circuit Court of Appeals for the Seventh Circuit, Lentz v. Schafer,[19] the court held that evidence of failure to use a seat belt was admissible. Plaintiff was riding in the front seat of an automobile driven by her husband in the State of Illinois when they collided with an oncoming automobile driven by a third person. Plaintiff and her husband, upon coming over a crest of a hill, encountered defendant's automobile making a left turn across the highway in front of them. Plaintiff swerved to the left and collided with defendant's oncoming automobile. The trial court refused to give an instruction based upon the Illinois statutory requirement that any 1961 or later model passenger automobile must be equipped with safety belts because the statute did not require the use of seat belts. The failure of plaintiff to use the seat belt was not interposed as a defense, and the Appeals Court affirmed the trial court. In its decision the court cited Mount v. McClellan,[20] in which, after reviewing cases from numerous jurisdictions, the court held that evidence of failure to use a seat belt was admissible.

In the case of Noth v. Scheurer,[21] the United States District Court for the Eastern District of New York denied

16. The *Miller* court cited Bentzler v. Braun, 34 Wis.2d 362, 149 N.W.2d 626 (1967) at 160 S.E.2d p. 70.

17. 160 S.E.2d at 73.

18. 160 S.E.2d at 74.

19. 404 F.2d 516 (7 Cir. 1968).

20. 91 Ill.App.2d 1, 234 N.E.2d 329 (1968), cited at 404 F.2d at p. 519.

21. 285 F.Supp. 81 (D.C.N.Y.1968).

plaintiff's motion for summary judgment in an action for damages resulting from injuries suffered in an automobile accident. The court said:

"No New York authority has been found holding that there is any duty upon the driver or passenger of an automobile to wear a seat belt. Consistent with the sole New York case in point, * * * the Court believes that at all events a passenger's failure to wear a seatbelt is not related to the cause of the accident and consequently should not be considered as contributory negligence, although such failure may be a causative factor in determining the extent of damages for which plaintiff should be allowed recovery.[22]

In accident cases involving the failure to wear seatbelts, there is a distinction to be made between causes of action for injuries and causes of action for wrongful death. The utilization of the seatbelt in the latter case conceivably might have prevented the extreme result in death and the cause of action arising therefrom, whereas in the former case its use would only have reduced the extent and degree of the injuries. This is a highly speculative question which if considered, would be a question for the jury, imposing a heavy burden of proof upon the defendant." [23]

The case of Lawrence v. Westchester Fire Insurance Company[24] was an action brought on behalf of Jackie K. Lawrence, a minor guest passenger, and his father for injuries sustained by the guest while riding in an automobile owned by Fred W. O'Bier and driven by his minor son. The insurer argued that the decision of the trial court was in error in holding Jackie Lawrence was free of contributory negligence in his failure to use and avail himself of seat belts which were provided for his use. The court said:

"We have no hesitancy in rejecting the contention that the failure of Jackie Lawrence to use the seat belt which was available to him constituted negligence. In the absence of a statute prescribing that failure to use an available seat belt would be negligence, per se, we can conceive of no instance in which such failure could be considered a proximate cause of the accident. We accept the conclusion reported in Brown v. Kendrick, supra, that plaintiff's failure to fasten the seat belt does not contribute to the occurrence of the accident. The defendant having plead contributory negligence has the burden of proving the affirmative defense herein urged and in this instance we hold that it has not established the defense. * * *

Whether or not the occupant of an automobile is contributorily negligent in failing to fasten a seat belt would seem to be determined by his knowledge of conditions prevailing prior to the accident and not in the light of his hindsight." [25]

The Connecticut Superior Court indicated in two recent cases that plaintiff's non-use of a seat belt may be considered in determining damages and in certain situations it might prove to be contributory negligence. Uresky v. Fedora[26] was a case where plaintiff was a passenger in an automobile owned and operated by the defendant Fedora, which automobile collided with an automobile owned and operated by defendant Parsons. As a result of the accident plaintiff was thrown about the interior of the Fedora car and suffered injuries for which she sought damages from both defendants. Plaintiff demurred to defendant's answer which asserted the defense that plaintiff's injuries were proxi-

22. 285 F.Supp. at 85.

23. Id.

24. La.App., 213 So.2d 784, Application denied 252 La. 969, 215 So.2d 131 (1968).

25. 213 So.2d at 786.

26. 27 Conn.Sup. 498, 245 A.2d 393 (1968).

mately caused by her failure to fasten the seat belts. The court overruled plaintiff's demurrer holding that such questions should be decided, and could be decided, much more soundly in the light of all the facts and circumstances adduced upon a trial. The court held that it might be shown that plaintiff's failure to use an available seat belt would not constitute contributory negligence on her part of a proximate nature so as to bar her from recovering damages, although her non-use of an available seat belt could affect the amount of damages to be recovered by her.

In Remington v. Arndt,[27] a Connecticut case, plaintiff was a passenger in an automobile operated by defendant Arndt. The automobile in which plaintiff was riding crashed into an automobile operated by defendant Rodriquez which was stationary in and blocking the highway. Plaintiff alleged that the negligence of both combined to cause his injury. Rodriquez pleaded, as a second defense, that a proximate cause of any injuries sustained by plaintiff was plaintiff's negligence in failing to fasten his seat belt. In sustaining plaintiff's demurrer to the second defense, the court held that it is not common law negligence per se for a passenger to fail to fasten his seat belt upon entering an automobile. The court also said:

"Accordingly, the court holds that although there is no unqualified or blanket common-law duty of a passenger to fasten his seat belt, such a duty may arise where there are circumstances which require him to anticipate a collision or other mishap and there is an opportunity for him to fasten the belt." [28]

In such cases, the court said that the same principle which might bar the action in cases where the passenger's trauma is directly related to the failure to fasten the seat belt would be applicable in mitigation of the plaintiff's damages.

In the case of Sams v. Sams [29] the South Carolina Supreme Court held that the defendant should be allowed to prove that plaintiff was not using his seat belts. This case involved a passenger's action against an automobile driver for personal injuries. The question before the court was whether the pleading of the defendant should have been stricken, or, whether the defendant should have been allowed to prove that the failure of plaintiff to use a seat belt, under the facts and circumstances of the case, amounted to a failure to exercise such due care as a person of ordinary reason and prudence would have exercised under the same circumstances, and that such failure constituted a contributing proximate cause of plaintiff's injuries. The court said:

"We think that the pleading should not have been stricken and that the ultimate questions raised by the alleged defense should be decided in the light of all of the facts and circumstances * * * * " [30]

In Bentzler v. Braun,[31] a Wisconsin case, plaintiff was a passenger in the automobile of defendant Klimmer when it ran into the rear of the automobile of defendant Braun, which was proceeding along the highway at a slow rate of speed. The automobile of one Bergstrum was mired at the side of the road to the left of Klimmer and Braun, and the contention was made that the glare of Bergstrum's headlights blinded Klimmer just before Klimmer ran his automobile into the automobile of Braun. On impact, plaintiff, Janet Bentzler who was asleep at the time of the accident, was thrown forward and was severely injured. Plaintiff was not wearing a seat belt although such was available for her use. The jury found that plaintiff was negligent for not using the seat belt, but found that the negligence had no causal relationship between the

27. 28 Conn.Sup. 289, 259 A.2d 145 (1969).

28. 259 A.2d at 146.

29. 247 S.C. 467, 148 S.E.2d 154 (1966).

30. 148 S.E.2d at p. 155.

31. 34 Wis.2d 362, 149 N.W.2d 626 (1967).

injuries sustained and the failure to use seat belts. The court said:

"While we agree with those courts that have concluded that it is not negligence per se to fail to use seat belts where the only statutory standard is one that requires the installation of the seat belts in the vehicle, we nevertheless conclude that there is a duty, based on the common law standard of ordinary care, to use available seat belts independent of any statutory mandate.[32]

The Wisconsin court based its opinion on certain statistics which showed a reduction of death and injury by the use of seat belts, and went on to say:

"On the basis of this experience, and as a matter of common knowledge, an occupant of an automobile either knows or should know of the additional safety factor produced by the use of seat belts. A person riding in a vehicle driven by another is under the duty of exercising such care as an ordinarily prudent person would exercise under similar circumstances to avoid injury to himself. This court has said that 'the basis for negligence of a guest is his failure to exercise ordinary care for his own safety.' * * *

The question, therefore, is not whether the guest's negligence contributed to the cause of the accident but, rather, whether it contributed to the injuries. In view of the Wisconsin statutes that the legislative mandate in regard to seat belts applies merely to installation and not to use, the failure to use available seat belts is a question for determination by the jury as in the case of any ordinary negligence, i. e., was the conduct of a substantial factor in producing a result.

We therefore conclude that in those cases where seat belts are available and there is evidence before the jury indicating causal relationship between the injuries sustained and the failure to use seat belts, it is proper and necessary to instruct the jury in that regard * * * * In the instant case, however, because of the lack of any evidence of causation, the trial judge properly refused the requested instruction." [33]

In utilizing the test established by the United States Circuit Court of Appeals for the Fifth Circuit in Jackson v. Sam Finley, Inc.,[34] this court must carefully examine the rules of construction and the substantive approach of the Mississippi Supreme Court in analogous areas to reach an enlightened guess as to what that court might hold on the question presented.

The Court must turn to the decisions of the Mississippi Supreme Court for guidance in the solving of the problem before the Court.

As a beginning it is proper to note the definition of "proximate cause" as adopted by the Court. There are many Mississippi decisions defining proximate cause. In Griffin v. Harkey [35] the court said:

"Perhaps the best definition of proximate cause is that contained in 38 American Jurisprudence Negligence Section 50 (1941):

'The proximate cause of an injury is that cause, which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.' Id. at 695.

This Court attempted to define proximate cause in Cumberland Telephone & Telegraph Company v. Woodham, 99 Miss. 318, 54 So. 890 (1911), wherein it said:

"Without attempting to define proximate cause in such terms as will be applicable to all states of fact —for to do so is practically impossible—it will be sufficient to say

---

32. 149 N.W.2d at p. 639.

33. 149 N.W.2d at 640.

34. See Note 6.

35. Miss., 215 So.2d 866, 868, 1968.

that the negligent act of a person, resulting in injury, is the proximate cause thereof, and creates liability therefor, when the act is of such character that, by the usual course of events, some injury, not necessarily the particular injury, or injury received in the particular manner complained of, would result therefrom, provided the attendant circumstances are such that an ordinarily prudent man ought reasonably to have anticipated that some injury would probably result from the act done. In order that a person may be liable for damages resulting from his negligence, it is not necessary that his negligence should have been the sole cause of the injury. His negligence may be the proximate cause, where it occurs with one or more causes in producing an injury, and, although the author or authors of such cause or causes may also be liable therefor." Id. at 332–333, 54 So. at 891.

In the case of Stewart v. Kroger Grocery, Etc. Co.[36] the Mississippi Court discussed "proximate cause" as distinguished from "remote cause" and said:

"Although one may be negligent yet if another acting independently and of his own volition, wrongfully or negligently puts in motion another and intervening cause which efficiently thence leads in unbroken sequence to the injury the latter is the proximate cause and the original negligence is

relegated to the position of a remote and, therefore, a nonactionable cause. Negligence which merely furnishes the condition or occasion upon which injuries are received, but does not put in motion the negligent and wrongful agency by or through which the injuries are inflicted, is not the proximate cause thereof."

The Mississippi Court has held on many occasions that contributory negligence is an affirmative defense, and the burden of proof thereof is on defendant. Railway Express Agency v. Mallory, 5 Cir., 168 F.2d 426, cert. denied, 335 U.S. 824, 69 S.Ct. 48, 93 L.Ed. 378; Johnson v. Howell, 1952, 213 Miss. 195, 56 So.2d 491.

■ It is also well settled in Mississippi that the burden rests upon the party asserting negligence, contributory or otherwise, to prove that the negligence proximately caused or contributed to the injury. Brown-Miller Co. v. Howell, 224 Miss. 136, 79 So.2d 818.

In Waddle v. Sutherland, 1930, 156 Miss. 540, 126 So. 201, 203, the Mississippi Supreme Court held "the general rule in actions of tort is that mere proof of the injury complained of raises no presumption of negligence".

■ The law is clear in Mississippi and elsewhere that an instruction which is not warranted by the evidence is defective and objectionable. In a number of cases the Mississippi Supreme Court has spoken on this point.[37]

---

36. 198 Miss. 371, 21 So.2d 912, 914 (1945).

37. Harris, et al. v. McMullan, et ux., 1951, 212 Miss. 382, 54 So.2d 544, 545, where the court said: "Instructions cannot be based upon assumed, but unestablished, material facts."

Johnson v. Howell, 1952, 213 Miss. 195, 56 So.2d 491, 492, " * * * it is elemental that no instruction should be granted without some evidentiary support."

Belk v. Rosamond, Miss.1952, 57 So. 2d 461, 466, 213 Miss. 633 " 'An instruction not based on the evidence is erroneous in that it introduces before the jury facts not presented thereby, and is well calculated to induce them to suppose that

such state of facts in the opinion of the court is possible under the evidence and may be considered by them.' 53 Am. Jur. p. 455, Trial, par. 579."

The United States Circuit Court of Appeals for the Tenth Circuit held in General Motors Corp. v. Walden, 10 Cir., 1969, 406 F.2d 606, 608, 609, "A party is entitled to have the jury instructed properly on his theory of the case if such theory is supported by competent evidence. * * * A party is entitled to an instruction on his theory of the case only if that theory is supported by competent evidence. * * * Evidence to justify an instruction must be something more than conjecture and speculation."

The determination of whether there was sufficient evidence to warrant the court in submitting the seat belt question to the jury must be made by Federal Standards. In Boeing Company v. Shipman [38] the Fifth Circuit adopted the rule for this jurisdiction. After holding that in diversity cases federal courts apply a federal rather than a state test for the sufficiency of evidence to create a jury question,[39] the court said:

"On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury. The motions for directed verdict and judgment n. o. v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question. However, it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses." [40]

Thus, it is established that a mere scintilla of evidence is insufficient to present a question for the jury and that there must be a conflict in substantial evidence to create a jury question.

Assuming arguendo that the Court's seat belt instruction (footnote 3) correctly states the law in Mississippi as the Mississippi Supreme Court would hold the law to be should it be called upon to determine the issue, this Court is confronted in the case sub judice with the question of whether there was substantial evidence in the case to justify the charge. If there was not, the charge was not proper and plaintiff must prevail on her motion for a new trial.

The evidence showed that the left front end of defendant's automobile crashed into the left side of the Glover automobile, at or near the door next to the driver. The decedent was driving the automobile and had not fastened the seat belt, available for his use. Decedent's automobile was thrown several feet to the right and off the paved or main travelled portion of the highway. The automobile came to rest in a drain running along the side of the highway. It had been turned around and was headed in the direction from whence it came. When the automobile came to rest the left door at the driver's seat was ajar, and decedent was resting against the side of the seat, with his legs on the outside of the automobile, either touching or in close proximity to the ground. When an investigating officer arrived a few minutes later decedent had ex-

---

In Mandel v. Pennsylvania Railroad Co., 2 Cir. 1961, 291 F.2d 433, 435, cert. denied, 368 U.S. 938, 82 S.Ct. 379, 7 L.Ed.2d 337, the district court submitted to the jury the question of whether there was an extraordinary jerking, jolting, or swaying of the train which proximately contributed to plaintiff's injury, when there was no evidence of such move-

ment. The Circuit Court said "It follows that an issue was submitted to the jury on which there was no evidence. This was reversible error * * *."

38. 411 F.2d 365, (5 Cir. 1969).

39. 411 F.2d at 368.

40. 411 F.2d at 374, 375.

pired. The burden was upon defendant to show that the failure of decedent to use the seat belt was a factor which contributed to his injuries. In other words, defendant had the burden to show by substantial evidence that decedent would not have suffered terminal injuries, if he had fastened the seat belt. Since the failure to fasten the seat belt could not have been a contributing cause of the collision, it was incumbent upon defendant to show by substantial evidence that such failure aggravated the injuries that decedent would otherwise have suffered. Conjecture and surmise will not suffice.

In the light of the principles of law hereinbefore discussed, it is the opinion of the Court that defendant did not meet the burden imposed upon her to show by substantial evidence, sufficient to create a jury question, that decedent's failure to fasten the seat belt had a causal connection with the injuries which resulted in his death. In such a situation the Court erred in charging the jury on the seat belt issue. It is apparent from the small amount of the verdict that the jury was influenced by this charge.

Under the circumstances, the Court does not reach the issue raised by plaintiff's untimely objection to a portion of defense counsel's argument to the jury, above-mentioned.

The jury decided the issue of liability of defendant when the jury returned a verdict in favor of plaintiff. The new trial is being granted because of an erroneous instruction on contributory negligence. The Court is of the opinion that on the new trial damages alone should be submitted to the jury. This does not mean, however, that defendant may not assert, in diminution of damages, any negligence of decedent, which can be shown to have contributed to the collision and to the injuries sustained by the decedent.

An appropriate order is being entered by the Court.