C. Speerle, Guardian of Alice J. Speerle, *vs.* Robert L. Dabney.

Thos. Jones, Guardian of Walter Jones, *vs.* Robert L. Dabney.

First Judicial District, Hartford, May Term, 1931.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued May 7th—decided June 1st, 1931.

*Wilson C. Jainsen,* for the appellant (defendant).

*A. Storrs Campbell,* for the appellees (plaintiffs).

BANKS, J.   These cases arose out of a collision in Houston, Texas, between the automobile of the plaintiff Jones and that of the defendant.   They were tried together upon depositions furnished by the plaintiffs, the defendant offering no evidence.   West Alabama Street in Houston runs east and west and is intersected at right angles by Shepherd Drive.   The plaintiff Jones was driving west on West Alabama Street at a speed of between ten and fifteen miles an hour. The plaintiff Alice Speerle was in the car with him. As they came to the intersection they both looked to the right and saw the defendant approaching on Shepherd Drive at a very rapid rate of speed which they both judged to be about sixty miles an hour.   The defendant's car was two-thirds of a block away when the Jones car reached the intersection.   Jones thought he had plenty of time to cross and entered the intersection long before the defendant reached it.   His pace was so slow, however, and that of the defendant so fast, that when his car was two-thirds of the way through the intersection it was struck on the right rear wheel by that of the defendant.   When Alice Speerle saw the defendant's car approaching she noted that Jones saw it also.   She had perfect confidence in his driving, relied on his judgment when he proceeded across the intersection, and made no protest. It was raining, the defendant's windshield was covered with water, and he did not see the plaintiffs until after he had hit them.

The finding is not subject to correction. It is not claimed that upon the facts found the court was not justified in finding the defendant negligent. The only question presented is whether the court erred in overruling the claim of the defendant that the plaintiff in each case was guilty of contributory negligence as matter of law, and in holding that each plaintiff was 'free from such negligence. Under our law, upon the facts found, we could not say as a matter of law, that either plaintiff was guilty of contributory negligence, and the decision of the trial court would be conclusive. The accident happened in the State of Texas, and it is agreed that the law of Texas controls. Alice Speerle was a guest in the Jones car. It is not claimed to be the law of Texas that the negligence of the driver of the car would be imputable to her, but the defendant contends that, upon the facts found, she was guilty of contributory negligence as a matter of law, apparently because she failed to warn Jones of the approach of the defendant's car, or to request him to stop, or to protest when he continued across the intersection. This was not a situation where a guest failed to call the attention of the operator of the car to a danger which she had observed but which she knew he had not. The finding is that Miss Speerle knew that Jones saw the defendant's car approaching and the finding is supported by the evidence. Nor was her failure to protest, under the circumstances, a participation in an obviously negligent act. She might well rely on the judgment of the operator that he had plenty of time to cross.

The authorities cited by the defendant do not indicate that the law of Texas as to the duty resting upon a passenger in a car differs substantially from our own. It is there held, as with us, that ordinarily it is not the duty of a guest to give instructions to the driver,

but he may rely upon the latter's skill and judgment. *Uvalde* v. *Stovall* (Texas) 279 S. W. 889.

It is his duty to exercise the care of an ordinarily prudent person under the circumstances and whether or not he has done so is ordinarily a question of fact for the jury. *Baker* v. *Streater* (Texas) 221 S. W. 1039. Whether or not Miss Speerle exercised such care in this case was, under the Texas rule as well as our own, a question of fact for the trier, and his conclusion is final.

The same is true as to the conduct of the plaintiff Jones. A Texas statute similar to ours requires the operator of a motor vehicle approaching an intersection to yield the right of way to another vehicle approaching from his right, and the defendant contends that Jones was negligent as a matter of law in not yielding the right of way. The court found that the Jones car entered the intersection long before the defendant reached it, and that Jones thought he had plenty of time to cross without danger of collision. We find nothing in the Texas decisions to which our attention has been called which would require a holding that under the circumstances his conduct was negligent as a matter of law.

The defendant, assuming that the plaintiffs were guilty of contributory negligence, discusses in his brief the Texas doctrine of "discovered peril," which he says differs in some respects from our doctrine of supervening negligence, and makes the claim that, upon the facts in this case, the plaintiffs could not rely upon that doctrine, as, had the accident happened here, they could have relied upon the doctrine of supervening negligence. However that may be, the question is not before us. As already noted the appeal, in each case, raises the single question as to whether, upon the facts found, the plaintiff was guilty of contributory negli-

306

gence as a matter of law. It does not present any question involving the doctrine of supervening negligence.

There is no error in either case.

In this opinion the other judges concurred.