Frances G. ROBINSON, Plaintiff,

v.

Ralph E. BONE, Defendant.

Civ. No. 67-492.

United States District Court
D. Oregon.

June 24, 1968.

Robert G. Ringo, Ringo, Walton & McClain, Corvallis, Or., for plaintiff.

George L. Kirklin, McColloch, Dezendorf & Spears, Portland, Or., for defendant.

## OPINION AND ORDER

KILKENNY, Judge:

Plaintiff, a guest, was injured in an automobile accident when the vehicle in which she was riding collided with the vehicle of the defendant. She claims that defendant was negligent and that such negligence proximately caused her injuries. As one of his defenses, the defendant charges that a proximate contributing cause of plaintiff's injuries was her negligence in failing to use the seat belt which was available to her and, moreover, that any injuries sustained by the plaintiff in the accident could have been substantially avoided if she had used the seat belt. Plaintiff, in advance of trial, moves to strike this allegation.

In Siburg v. Johnson, Or.,[1] 439 P.2d 865 (1968), the Oregon Supreme Court avoided the question. However, past decisions of the Oregon court[2] insulating a guest from the negligence of a driver, convince me that the Oregon court would adopt the rule stated in Miller v. Miller, 273 N.C. 228, 160 S.E.2d 65 (1968).

Oregon is one of the thirty-three states mentioned in Miller, which has enacted seat belt legislation.[3] The Oregon legislation *does not require* the occupant of the vehicle to use the seat belt, nor does it apply to rear seats. As observed in *Miller*, only Rhode Island, of the thirty-three states, makes mandatory the use of seat belts and there the statute applies only to certain governmental and public service vehicles. The Oregon legislation relates only to new motor vehicles sold or offered for sale on or after November 1, 1964. Inasmuch as the Oregon legislation does not require the use of the belts, the failure to use, under Oregon law, is not negligence *per se*. Moreover, I find nothing in the Oregon decisions which would point to common law liability. From the public records of the Department of Motor Vehicles of the state of Oregon, I take judicial notice of the fact that an overwhelming majority of the automobiles now, and at the date of this accident, using the highways of this state, were

1. 86 Adv.Shts. 619, 629–630.

2. Savage v. Palmer, 204 Or. 257, 280 P. 2d 982 (1955) ; Whiting v. Andrus, 173 Or. 133, 144 P.2d 501 (1943) ; Hamilton v. Haworth, 180 Or. 477, 177 P.2d 409 (1947).

3. c. 315, Oregon Laws, 1963, ORS 483.482 to 483.488.

sold and in use prior to November 1, 1964. It would be a strange common law rule which would bar recovery to a guest riding in a post-October belt equipped vehicle, while, on the same state of facts, permitting recovery to a guest riding in a pre-November vehicle, i. e. one not equipped with seat belts. For these, and many of the other reasons advanced in *Miller,* I hold that the mere failure to use a seat belt does not, under the facts outlined in the pretrial order, charge contributory negligence, nor does it state a claim in mitigation of damages.

Plaintiff's motion to strike is allowed.

It is so ordered.