**William H. WOODS, Plaintiff,**

v.

**James E. SMITH, Defendant.**

**Civ. A. No. 2001.**

United States District Court
N. D. Florida,
Pensacola Division.

Feb. 28, 1969.

James R. McAtee, Pensacola, Fla., for plaintiff.

Frank C. Bozeman, of Harrell, Caro, Middlebrooks & Wiltshire, Pensacola, Fla., for defendant.

## OPINION

ARNOW, District Judge.

Limned by this controversy is the quandary in which federal judges from time to time find themselves because of diversity jurisdiction. A Florida federal judge, with scant knowledge of Oklahoma law, must endeavor to decide the question presented as the courts of Oklahoma would decide it, without benefit of authoritative precedent from those courts.

The question presented is whether failure of a plaintiff to fasten and use a seat belt in an automobile, to which he had access, may be presented at the trial as contributory negligence barring recovery, or in mitigation of damages.

Exhaustive research by counsel, and independent research and investigation by the Court, has disclosed no Oklahoma decision on the problem. The courts of that state apparently have not yet ruled upon the question.

Oklahoma now has a statute making the sale of any passenger vehicle manufactured after 1966 to any of its residents unlawful, if it is not equipped with safety belts or shoulder harness combinations for use by passengers in the left and right front seat. But their use by drivers or passengers is not required.

In a case of first impression, Oklahoma courts look to the law of other jurisdictions in determining the matter. Marathon Battery Company v. Kilpatrick, 418 P.2d 900 (Okl. 1965).

For the reasons advanced in Robinson v. Bone, 285 F.Supp. 423 (D. C. Or. 1968), Miller v. Miller, 273 N.C. 228, 160 S.E.2d 65 (1968) and Brown v. Kendrick, 192 So.2d 49 (Fla.App.1966), I conclude Oklahoma would not allow such failure to be presented either as evidence of contributory negligence, or in mitigation of damages. Such conclusion finds some support in Oklahoma's definition of proximate cause set forth in Cheatham v. Van Dalsen, 350 P.2d 593 (Okl. 1960):

> " * * * that the proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury and if the negligence merely furnishes a condition by which the injury was possible and a subsequent act caused the injury, the existence of such a condition is not the proximate cause of the injury * * *"

Oklahoma's Constitution provides the defense of contributory negligence or assumption of risk shall in all cases be a question of fact to be left to the jury. Under that provision, the issue is left to the jury if there is any evidence thereof or from which it may be inferred or presumed. Continental Oil Co. v. Ryan, 392 P.2d 492 (Okl. 1964). But if the evidence does not show the existence of contributory negligence, it need not be submitted to the jury. Mouser v. Talley, 375 P.2d 968 (Okl.1962). In other words, there must be at least some indication that the

plaintiff was under a duty to use a seat belt to provide for his own safety, and that failure to use it was a cause of plaintiff's injury, before the Court is required to submit the issue to the jury. The holding here is that, as a matter of law, there is no such duty, nor could such failure be a proximate cause of injury, and submission to the jury of the issue is not required.

Order will be entered in accordance with the foregoing.