William G. Easton, J.
This is a motion by the plaintiff pursuant to subdivision (b) of CPLB 3024 to strike the allegations contained in paragraph “ Ninth ” of the answer of the defendant George A. Skivington on the ground that such allegations are prejudicial, sham and frivolous and irrelevant. This is a death action on behalf of the deceased who was a passenger. The ninth paragraph of the said defendant’s answer, included in a “Further, Separate and Distinct Defense ”, read as follows: “ninth: That the contributory negligence of plaintiff’s intestate at said time and place consisted, upon information and belief, of her failure to attach and secure her seat belt, although the same was available to be so attached, and to protect herself while travelling in the said vehicle; of failing to inform the driver of the said vehicle of unsafe condition existing at the said time and place and the approach of a sharp curve; in failing to avoid the said accident; and that she was otherwise negligent. ’ ’
*1094 The controversial issue is limited to that part of the paragraph which in substance alleges contributory negligence on the part of the deceased passenger because of her failure to attach and secure her seat belt although the same was available to be so attached, and to protect herself while traveling in said vehicle. Counsel have thoroughly briefed this subject, but there is a simple answer to the problem. Assuming that the New York 'State law made it mandatory to equip the automobile in which the deceased was a passenger, with seat belts, yet, that law does not provide that the passenger shall use the seat belt. Therefore, there is no violation of law involved. Furthermore, there is no causal relation between the passenger’s failure to use the seat belt and the happening of an accident, and therefore, it is not an affirmative defense.
A passenger’s failure to use an available seat belt may or may not be admissible evidence relating to the severity of the injuries, depending upon the type of proof submitted at the trial. It could well be that admissible evidence would tend to prove the contrary. In any event, it is a matter of evidence bearing only upon the question of the plaintiff’s duty to attempt to alleviate possible injury in the event of an accident and as such is highly speculative. As yet, there is no statute or case law in the State of New York which holds that it is the duty of a passenger to prepare for possible accidents when he enters an automobile.
The other allegations in this same paragraph are also matters of evidence and are not properly to be included in an affirmative defense. The plaintiff’s motion to strike paragraph “Ninth” of the answer of the defendant George A. Skivington is granted, with costs.