CAROL CLARK ET AL. *v.* STATE OF CONNECTICUT ET AL.

SUPERIOR COURT    HARTFORD COUNTY    FILE No. 160992

Memorandum filed March 5, 1970

Memorandum on demurrer to special defense. *Demurrer sustained.*

*Stoner, Gross & Kline,* of Hartford, for the plaintiffs.

*Regnier, Moller & Taylor,* of Hartford, for the defendants.

RUBINOW, J. The complaint alleges that the plaintiff, aged eighteen, was a passenger in a vehicle owned by the state of Connecticut, hereinafter referred to as the defendant, and operated by its employee Jasper; that the vehicle left the road and collided with some trees; and that Jasper was operating at an excessive speed, outside the established lane, and without maintaining proper control of the vehicle.

The defendant filed a special defense alleging that a proximate cause of the plaintiff's injuries was her own negligence in (a) failing to make reasonable use of her own faculties; (b) failing to be watchful of her surroundings and of the way in which the vehicle was being operated and "of general conditions"; (c) knowing or having reason to know of impending dangers; (d) failing to protest to Jasper about the manner in which the vehicle was being operated; (e) failing to use her sense of sight to discover any existing danger; (f) failing to protest to Jasper; and (g) failing to fasten her seat belt.

There is no allegation, in either the complaint or the special defense, that Jasper was, or was reputed to be, an incompetent or dangerous driver; or that the vehicle was not in good condition; or that the weather, or any other conditions, made travel hazardous; or that the plaintiff controlled, or had the right to control, either the movements of the vehicle or the manner in which it was being operated. The plaintiff has demurred to the special defense, on the ground, first, that the alleged omissions on the part of the plaintiff are not duties imposed upon the plaintiff and, second, that, as a matter of law, these omissions cannot have caused the accident.

With respect to the first ground of the demurrer, there can be no dispute concerning the principle governing the "duty" of a passenger to protect himself. Although the statements of it vary slightly, the principle is: "[P]assengers are required to exercise ordinary care for their own safety . . . ." Mechem, "The Contributory Negligence of Automobile Passengers," 78 U. Pa. L. Rev. 736, 741. So, the demurrer in this case raises the question what "ordinary care" requires a passenger to do, when there are no unusual circumstances such as hazardous traveling conditions, or a known incompetent driver, or an unsafe vehicle.

The decisions of our state have repeatedly held that under ordinary circumstances there is no duty upon a passenger to take any action with respect to the operation of a motor vehicle. " 'Generally a passenger in an automobile should sit still and say nothing, because any other course is fraught with danger. Interference by laying hold of an operating lever, or by exclamation, or even by direction or inquiry, is generally to be deprecated, as in the long run the greater safety lies in letting the driver alone.' " *Marks* v. *Dorkin,* 105 Conn. 521, 525.

"[O]rdinarily it is not the duty of a guest to give instructions to the driver, but he may rely upon the latter's skill and judgment." *Speerle* v. *Dabney,* 113 Conn. 302, 304. "[T]he . . . [passenger's] duty was very light, . . . she had no control of the operation of the automobile and was not bound to direct its operation, and . . . generally speaking a passenger in an automobile has no duty to direct its operation." *Kilday* v. *Voltz,* 117 Conn. 170, 174. The current state of the authorities is thus summed up: "Generally a passenger in a motor vehicle may be as supine as inert freight, particularly if he is in the back seat. He may sleep, read, talk, and generally be inattentive unless he knows of some impending danger." Wright & FitzGerald, Torts, p. 244.

It is clear, then, that under ordinary circumstances there is no duty upon the passenger to take any of the acts alleged in the specifications of contributory negligence designated above as (a), (b), and (d) through (f). The specification designated as (c) merely alleges that the plaintiff knew or ought to have known of impending danger; there is no allegation in that specification that the operator also did not know of the danger and there is no allegation that reasonable care required the passenger to take some act in the light of her knowledge. If the defendant desires to set forth in a specification a claim that ordinary circumstances did not exist in this case and that, therefore, the general rule does not apply, the defendant should allege in the specification what the unusual circumstances are and, as part of that specification, "the negligent acts or omissions on which . . . [the defendant] relies." Practice Book § 123. "[P]leadings should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove." *Smith* v. *Furness,* 117 Conn. 97, 99. Since no specification contains both an allegation of unusual circumstances

and an allegation of the negligent act or omission relied upon, none of the specifications states a legally sufficient defense.

The defendant's brief treats separately the no-seat-belt defense in the specification designated (g), and the court will do the same. The court's views on that defense are set forth in *Remington* v. *Arndt*, 28 Conn. Sup. 289. Those views have been supported by two appellate court decisions which have come to the attention of the court since the opinion in *Remington* was written: *Romankewiz* v. *Black*, 16 Mich. App. 119, and *Robinson* v. *Lewis*, 457 P.2d 483 (Ore.). Both of these cases consider the authorities in depth and reach the same conclusion that the court reached in *Remington*, i.e. under ordinary circumstances, failure to fasten a seat belt does not bar an action or mitigate damages.

The second ground of the demurrer is that the alleged omissions cannot have been the cause of the accident. This ground of the demurrer is not well taken. The gravamen of the special defense is that the plaintiff should be barred from recovery because her omissions violated her "duty" not to engage in conduct that involves an unreasonable risk of harm to herself (see 2 Harper & James, Torts, p. 1227; Prosser, Torts [3d Ed.], p. 428), not that she should be barred because the omissions were a contributing cause of the accident. See Practice Book, Form 327. If the alleged omissions had constituted a breach of this duty of the passenger, she could not recover even though those omissions were not a cause of the accident.

The demurrer to the defendant's special defense is sustained on the first ground. The second ground of the demurrer is overruled.