Joan LaVerne **HENDERSON**, Omarie **Henderson**, Sharon Marie **Hass**, and James F. **Henderson**, Plaintiffs-Appellees,

v.

**UNITED STATES of America**, Defendant-Appellant.

Nos. 703-69 to 706-69.

United States Court of Appeals, Tenth Circuit.

July 23, 1970.

Paul N. Halvonik, San Francisco, Cal. (argued), Charles C. Marson, of American Civil Liberties Union of Northern California, Burton Strout Marks, San Jose, Cal., for appellant.

Paul Fitzgerald (argued), Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., Michael Metzger, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before BROWNING, WRIGHT and TRASK, Circuit Judges.

Michael C. Stewart, Oklahoma City, Okl. (Carroll Samara, and Gus Rinehart, Oklahoma City, Okl., on the brief) for plaintiffs-appellees.

John E. Green, Asst. U. S. Atty., and Jake Hunt, Oklahoma City, Okl. (William R. Burkett, U. S. Atty., Oklahoma City, Okl. with them on the brief) for defendant-appellant.

Before LEWIS, Chief Judge, PICKETT, Senior Circuit Judge, and SETH, Circuit Judge.

PICKETT, Senior Circuit Judge.

On November 30, 1968 appellees, Joan LaVerne Henderson, Omarie Henderson, Sharon Marie Hass and James F. Henderson, instituted these actions in the District Court, Oklahoma County, Oklahoma against Roberta Jean Price claiming damages for personal injuries resulting from an automobile collision on December 3, 1966 in Oklahoma City. On January 30, 1969 the United States attorney, for the purpose of removal to the federal court, certified that at the time of the accident Price, the driver of one of the automobiles, was an employee of the United States and acting within the scope of her employment when the collision occurred. After removal, the actions were dismissed as to Price and the United States substituted as the sole defendant. Motions by the United States to dismiss the actions for the reason that the actions were barred by the two-year statute of limitations provided in 28 U. S.C. § 2401(b) were overruled. The several cases were consolidated for trial to the court at the conclusion of which separate judgments for damages were entered for the appellees. The appeals are here on the consolidated record presenting the same issues in each case.

██ The United States argues that under the provisions of 28 U.S.C. § 2679 the exclusive remedy of the appellees for their injuries was an action against the United States, and that the suits brought in the state court against the employee did not toll the running of the statute of limitations. The purpose of the Federal Torts Claims Act is to make the United States liable in tort to the same extent as a private individual would be under like circumstances. 28 U.S.C. § 1346(b); Beesley v. United States, 364 F.2d 194 (10th Cir. 1966); Government Employees Insurance Company v. United States, 349 F.2d 83 (10th Cir. 1965), cert. denied, 382 U.S. 1026, 86 S.Ct. 646, 15 L.Ed.2d 539, reh. denied, 383 U.S. 939, 86 S.Ct. 1064, 15 L.Ed.2d 857; Weaver v. United States, 334 F.2d 319 (10th Cir. 1964). The provisions of

28 U.S.C. § 2679[1] were designed to insulate an employee of the United States from liability for injuries caused by negligent acts in the operation of a motor vehicle while acting within the course of employment. Vantrease v. United States, 400 F.2d 853 (6th Cir. 1968); Adams v. United States, 241 F.Supp. 383 (S.D.Ill. 1965). The statutory immunity does not extend to injuries caused by the negligent acts of a government employee unless the employee is acting within the scope of his employment. The factual issue as to the nature of the employment activities at the time of the injuries is to be determined by the principles of respondeat superior of the jurisdiction where the tort occurred. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955); Platis v. United States, 409 F.2d 1009 (10th Cir. 1969). The statute requires the Attorney General of the United States to defend any civil action brought against an employee of the United States and provides a procedure for certification and removal of state court actions against an employee to federal court.

■ Upon removal the action shall be "deemed a tort action brought against the United States * * *." If, after removal, it is determined before trial on the merits that there is no remedy available against the United States, the case shall be remanded to the state court. 28 U.S.C. § 2679(d). The federal court having found that Price was acting within the scope of her employment at the time of the accident, the only cause of action that existed was against the United States. In this situation the United States became a party as a matter of law when the action was filed in the state court, regardless of when it was formally substituted as a party defendant. Reynaud v. United States, 259 F.Supp. 945 (W.D.Mo.1966); Jones v. Polishuk, 252 F.Supp. 752 (E.D.Tenn. 1965); Whistler v. United States,[2] 252

---

1. Pertinent portions of § 2679 are:

"(b) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

"(c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.

"(d) Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court."

2. In the *Whistler* case, the court said, at page 915:
"* * * The bringing of such action in the state court, therefore, must at least be effective to give the action status as a claim that can be removed and subse-

F.Supp. 913 (N.D.Ind.1966). See also Fancher v. Baker, 240 Ark. 288, 399 S.W.2d 280 (1966); 16 A.L.R.3d 1383. There was no error in overruling the motion to dismiss.

The United States also contends that the court erred in concluding that the non use of available seat belts by the appellees was not a defense to the action and could only be considered in mitigation of damages. There have been no Oklahoma cases decided dealing with that approach to the "seat belt defense." In such circumstances we have often stated that in the absence of any state court decisions on the question raised, the district court's determination of the state law will not be disturbed on appeal unless clearly erroneous. Freeman v. Heiman, 426 F.2d 1050 (10th Cir. 1970), and cases cited. The district court's determination was not clearly erroneous and is generally supported by the authorities. In Woods v. Smith, 296 F.

Supp. 1128, 1129 (N.D.Fla.1969), that court, in attempting to anticipate Oklahoma law on this issue, after a review of the relevant decisions stated:

> " * * * I conclude Oklahoma would not allow such failure (non use of seat belts) to be presented either as evidence of contributory negligence, or in mitigation of damages. * * * "

Although the Florida and Oklahoma district courts resolved the issue differently as to the mitigation of damages question, there was total harmony in that the non use of seat belts was not a defense under Oklahoma law, but rather to be viewed, if at all, from the standpoint of proximate cause. See generally 21 Okla.L.R. 88 (1968); [3] Miller v. Miller, 273 N.C. 228, 160 S.E.2d 65 (1968); cf. Sams v. Sams, 247 S.C. 467, 148 S.E.2d 154 (1966); 15 A.L.R.3d 1423.

Affirmed.

quently litigated. From a practical standpoint and from a realistic interpretation of the intention of Congress in its enactment of § 2679(b)–(d), the original suit must also be effective for purposes of determining whether it was brought within the period of the statute of limitations provided by 28 U.S.C. § 2401(b)."

3. The trial court referred to an article written by Charles D. Reed of Oklahoma City on the "seat belt defense" appearing in the August 30, 1969 issue of the Oklahoma Bar Association Journal, p. 1787, wherein it was said:

> "So far as this writer has been able to determine, no Court has yet held a plaintiff's failure to buckle his seat belt to be an absolute bar to recovery. Some Courts have, however, either ruled or indicated that the defense could go to the reduction of damages upon proper proof of a causal relationship between plaintiff's failure to use a seatbelt and the extent of his injures (sic). Sonnier v. Ramsey 424 S.W.2d 684 (Tex.Civ.App. 1968); Cierpisz vs. Singleton, 247 Md.

215, 230 A.2d 629 (1967); Tom Brown Drilling Company v. Nieman, 418 S.W. 2d 337 (Tex.Civ.App.1967); Bentzler v. Braun, 34 Wis.2d 362, 149 N.W.2d 626 (1967) Siburg v. Johnson, [249 Or. 556] 439 P.2d 865 (Ore.1967); Dillon v. Humphreys, [56 Misc.2d 211] 288 N.Y.S.2d 14 (Sup.Ct.1968). See also, Barry v. The Coca Cola Co., et al. [99 N.J.Super. 270] 239 A.2d 273 (N.J.Super., Law Div.1968), 11 ATL NEWS L. 218 (June 1968).

> "The trend appears to be, however, among the better reasoned opinions, virtually to eliminate the defense entirely. In Miller v. Miller, 273 N.C. 228, 1960 (sic) [160] S.E.2d 65 (March 20, 1968), 11 ATL News 277 (August 1968), Justice Sharp examined all of the reported cases to that date and concluded that the seatbelt situation fits neither the doctrine of contributory negligence nor the doctrine of avoidable consequences."

This article is cited only to illustrate the uncertainty of the "Seat Belt Law" in Oklahoma.