505 P.2d 383 (1972)
Raymond MOORE, Plaintiff-Appellee,
v.
Ronald G. FISCHER, Defendant-Appellant.
No. 71-371.
Colorado Court of Appeals, Div. II.
November 14, 1972.
Rehearing Denied December 5, 1972.
Certiorari Granted February 5, 1973.
*384 Holley, Boatright & Villano, George Alan Holley, Roger D. Witt, Wheat Ridge, for plaintiff-appellee.
White & Steele, Lowell M. Fortune, Denver, for defendant-appellant.
Selected for Official Publication.
DWYER, Judge.
Plaintiff brought this action to recover damages for personal injuries he sustained when the defendant drove his car into the rear end of the vehicle which plaintiff was driving. At the close of all the evidence, the court directed a verdict in favor of the plaintiff on the issue of liability, and the jury assessed plaintiff's damages in the amount of $19,662. Defendant has appealed from the judgment entered on the verdict.
The collision in which plaintiff was injured occurred on January 19, 1970, at approximately 7:50 a. m. Plaintiff was enroute to a service call in a van owned by his employer. He was proceeding in a southerly direction on U.S. Highway 85. He stopped six to eight feet behind a line of other cars which had stopped for a red light at the intersection of U.S. Highway 85 and East 72nd Avenue. While in this position, plaintiff's truck was struck in the rear by the defendant's automobile, and the force of the impact drove the plaintiff's vehicle forward into the car immediately ahead of it. The defendant's car left approximately *385 80 feet of four-wheel skid marks before smashing into the rear of plaintiff's car. There were no skid marks on the pavement attributable to plaintiff's truck. The surface of the road was dry. The day was cloudy, but there were no limitations on visibility. Defendant admitted that his vehicle struck the rear of plaintiff's truck. The only evidence defendant submitted in his defense was his statement that plaintiff stopped suddenly in front of him.
On this appeal, defendant seeks reversal of the judgment for the following reasons: (1) it was error for the trial court to refuse to allow defendant to assert as an affirmative defense that plaintiff had failed to use an available seat belt; (2) the court erred in directing a verdict against the defendant on the issue of liability; (3) the court erred in refusing to order a mistrial following testimony by a police officer about issuing a ticket to the defendant; and, (4) since plaintiff's claim had been assigned to his employer's workmen's compensation carrier, a prejudicial lack of joinder occurred by virtue of plaintiff's failure to join the carrier as a party plaintiff or to establish that the insurance carrier's claim had been reassigned to plaintiff.

I.

The Seat Belt Defense
In his answer to the complaint, defendant denied negligence and alleged as affirmative defenses that plaintiff was guilty of contributory negligence and that he had failed to mitigate his damages. At the pre-trial conference, defendant moved for an order allowing him to assert by amendment to his answer the following additional defenses:
"1. Plaintiff was not using his seat belt at the time of the accident.
2. Plaintiff's failure to use his seat belt (a) was the proximate cause of his personal injuries and consequent damages; (b) constituted a failure to mitigate his personal injuries and consequent damages (c) constituted a failure to use reasonable care to avoid the consequences resulting from an automobile accident; (d) constituted contributory negligence which contributed to or increased his personal injuries and consequent damages."
Defendant's motion to amend his answer was denied by the trial court. Defendant's motion to amend was timely, and the correctness of the court's ruling depends on whether the averments of the tendered amendment to the answer state a legal defense to plaintiff's claim.
The question presented is one of first impression in Colorado. The decisions of courts of last resort in other jurisdictions which have considered the so-called seat belt defense are in conflict.
We hold that the failure of the driver, or passenger, of a motor vehicle to use a seat belt does not constitute negligence, contributory or otherwise, and does not constitute a bar to recovery of damages in an action against a tort-feasor whose negligence is the proximate cause of a collision in which the driver or passenger is injured. We further hold that the injured driver, or passenger, may recover the actual damages proximately caused by the tort-feasor's negligence, and the amount of such damages is not affected by, and may not be reduced, because the injured person failed to wear a seat belt. Accordingly, the seat belt defense may not be pleaded affirmatively in defense of an action for negligence, and evidence that the injured party failed to wear a seat belt is not admissible to establish contributory negligence or to reduce the amount of the injured party's damages. For cases supporting the rule announced, see Derheim v. N. Fiorito Co., Inc., 80 Wash.2d 161, 492 P.2d 1030; Miller v. Miller, 273 N.C. 228, 160 S.E.2d 65; Brown v. Kendrick, 192 So.2d 49 (Dist.Ct.App.Fla.); Lipscomb v. Diamiani, 226 A.2d 914 (Super.Ct.Del.); Robinson *386 v. Lewis, 254 Or. 52, 457 P.2d 483; Dillon v. Humphreys, 56 Misc.2d 211, 288 N.Y.S.2d 14. For cases contra, see e. g., Bentzler v. Braun, 34 Wis.2d 362, 149 N. W.2d 626; Sams v. Sams, 247 S.C. 467, 148 S.E.2d 154; Mount v. McClellan, 91 Ill.App.2d 1, 234 N.E.2d 329.
The trial court properly refused to allow defendant to amend the answer to include the seat belt defense.

II.

Directed Verdict of Liability
On cross-examination, defendant admitted that he drove his vehicle into the rear end of plaintiff's truck. Under the uncontroverted facts in this case, defendant's testimony was an admission of negligence on his part. Defendant offered no evidence and none appears in the record which would relieve him of liability for his admitted negligence. Defendant's testimony that plaintiff stopped suddenly in front of him does not establish contributory negligence on the part of the plaintiff. To constitute contributory negligence, a sudden stop by a driver of a car struck from the rear must be both abrupt and unwarranted. See Gaulin v. Templin, 162 Colo. 55, 424 P.2d 377. It cannot be reasonably inferred from the evidence in this case that plaintiff's stop was unwarranted. Where, as here, there is evidence of the occurrence of a rear-end accident accompanied by prima facie evidence of defendant's negligence, and there is no evidence of facts absolving the defendant of negligence and no evidence of facts showing negligence on the part of the plaintiff, a directed verdict in favor of the plaintiff is proper. Dilts v. Baker, 162 Colo. 568, 427 P.2d 882.
The trial court properly directed a verdict in favor of plaintiff on the issue of liability.

III.

The Officer's Testimony
At the trial, the investigating police officer was called as a witness by plaintiff. In answering a question asked of him by plaintiff's counsel as to whether the defendant made a statement to him at the time of the accident, the officer replied:
"I don't have my notes here, sir. I don't recall what he said because what he said, I entered on the notes of the disposition of a ticket that I issued to the gentleman."
Defendant immediately moved for a mistrial. In proceedings outside the presence of the jury, the trial court ruled that the answer was improper and offered to instruct the jury to disregard it. Defendant's counsel stated that he did not want a cautionary instruction and insisted on a mistrial. The court denied defendant's motion for a mistrial. It is unnecessary to determine whether the testimony was so prejudicial as to require a mistrial since the issue of liability was not submitted to the jury but was properly resolved by the trial court. In these circumstances, the remark could not have been prejudicial to defendant.

IV.

Plaintiff's Right to Prosecute This Action
Plaintiff filed a workmen's compensation claim arising out of this accident, and he received compensation and medical benefits from his employer's insurance carrier. Plaintiff conceded this at pre-trial conference and acknowledged that he had signed a claim for workmen's compensation and an election of remedies under the Act.
The claim for the amounts paid by the insurance carrier was assigned from plaintiff to the carrier by operation of 1969 Perm.Supp., C.R.S.1963, 81-13-8. In Krueger v. Merriman Electric, 29 Colo. *387 App. 492, 488 P.2d 228, decided after the trial of this action, this court held that an employee who has received compensation and whose claim against a third party has been assigned by operation of 1969 Perm. Supp., C.R.S.1963, 81-13-8, must join the insurance carrier as a party plaintiff or establish that the rights of the carrier "are properly under the jurisdiction of the court for determination." The latter result can be accomplished by an assignment of the right of action to the person who actually prosecutes it. If this is done, the plaintiff must plead and prove the assignment to establish his right to prosecute the action as a real party in interest. Although plaintiff's counsel stated at pre-trial that such an assignment had been made, the assignment was not made part of the record, and defendant's counsel did not admit that such an assignment existed. The record is therefore deficient in that it does not show that plaintiff had a right to prosecute this action as the assignee of the insurance carrier.
This deficiency in the record requires a reversal of the judgment, but it does not require a new trial. The issues of defendant's liability and the amount of plaintiff's damages have been properly determined by the jury. If on remand plaintiff can establish the existence of an assignment which entitles him to maintain this action, he is entitled to the judgment entered by the trial court. If plaintiff cannot prove an assignment which entitles him to maintain this action, plaintiff shall join the assignee under the statutory assignment as a party plaintiff, and the court shall then apportion the damage award between plaintiff and said assignee in accordance with their respective interests and enter an appropriate judgment.
Judgment reversed and remanded for further proceedings not inconsistent with the views herein expressed.
ENOCH and SMITH, JJ., concur.