ALYCE J. SPIER, Appellant, v. DONALD F. BARKER et al., Respondents.

Third Department, November 1, 1973.

*Kevin E. Whelan* for appellant.

*Smith, Sovik, Terry, Kendrick, McAuliffe & Schwarzer* (*Laurence F. Sovik* of counsel), for respondents.

STALEY, JR., J. This is an appeal from so much of a judgment of the Supreme Court, entered October 24, 1972 in Madison County, upon a verdict of no cause for action rendered at a Trial Term against the plaintiff.

On March 10, 1970, at approximately 6:30 P.M., plaintiff was proceeding in an easterly direction along Route 31, a two-lane macadam highway. As she aproached Camp Road, she slowed to 20 miles per hour and turned on her left directional signal. Plaintiff looked into her rearview mirror, saw headlights way back, moved to the center line of the road, and, as she turned left to enter Camp Road, was struck in the westbound lane by defendants' tractor-trailer which was in the process of passing her. Plaintiff was thrown from her vehicle, and it rolled over her, pinning her legs under the left rear wheel. Her vehicle was equipped with seat belts, but she was not wearing one at the time of the accident.

The driver of the tractor-trailer testified that he was only 25 to 30 feet behind plaintiff when she turned on her directional signal; that he was in the westbound lane to pass; that he flicked his headlights from low to high beam to signal plaintiff that he was about to pass; that plaintiff took a sharp lefthand turn and cut across in front of him; and that he veered to the

left shoulder of the road, but too late to avoid striking plaintiff's vehicle.

At the trial, defendants produced an engineer, who, after viewing photographs of the vehicles, was permitted to testify, over plaintiff's objection, that in his opinion seat belts are extremely effective in preventing or alleviating injury; that plaintiff would not have been ejected from her car had she been wearing a seat belt; and that had she not been ejected, she probably would not have been as seriously injured. He could not, however, give an opinion as to what injuries plaintiff would have sustained had she been wearing a seat belt.

In its charge to the jury, the trial court instructed the jury that: "If you find that a reasonably prudent driver would have used the seat belt, and that she would not have received some or all of her injuries had she used the seat belt, then you may not award any damages for those injuries you find she would not have received had she used the seat belt." Plaintiff did not except to this charge, but asked the court to charge "that there isn't any law in the State of New York that requires a person to wear a seat belt or to anticipate the happening of an accident."

The trial court correctly charged the law of negligence and contributory negligence, and the statutes applicable to the occurrence as they applied to plaintiff's action and defendants' counterclaim. The jury returned a verdict of no cause for action for both plaintiff's action and defendants' counterclaim.

Plaintiff contends that the seat belt defense should not have been allowed since there is no statutory duty to wear a seat belt, and the allowance of that defense was prejudicial error requiring reversal. Plaintiff also contends that there was insufficient evidence to support a finding that plaintiff was contributorily negligent.

Although section 383 of the Vehicle and Traffic Law requires seat belts to be installed in all motor vehicles sold or registered in New York, it contains no requirement that occupants of such motor vehicle make use of the available seat belts, and the courts have refused to imply such a statutory duty. (*Bartlett* v. *State of New York*, 40 A D 2d 267; *Abrams* v. *Woods*, 64 Misc 2d 1093; *Dillon* v. *Humphreys*, 56 Misc 2d 211.) The trial court made this clear in its charge that there was no law requiring a person to wear a seat belt.

The jury, having determined that none of the parties had a cause of action, it is clear that at the very least the jury found negligence on the part of plaintiff and defendants. On this

verdict, the jury never reached the issue of damages and thus never considered the seat belt defense which was raised and submitted to it in mitigation of damages. Since this evidence and the instruction could not have affected the result, any error in permitting the introduction of the evidence or in instructing the jury was harmless.

However, the effect of the charge relating to the doctrine of avoidable consequences would have been error if the issue of liability had been resolved in favor of plaintiff. Under the terms of the charge on this issue, the ensuing damages would have to be apportioned on the basis of how much or to what extent these damages were due to the accident, the impact itself on the one hand, or the failure to use the available seat belt on the other. To permit a jury to apportion damages on this basis would permit the jury to engage in sheer speculation and apply an apportionment similar to computing damages under comparative negligence, which doctrine has not yet been accepted in New York.

On the question of contributory negligence, there was sufficient evidence upon which the jury could conclude that plaintiff did not turn on her directional signal until the defendants' vehicle was within 25 to 30 feet from hers; that she failed to observe defendants' vehicle or the warning given by the defendant Barker in flicking his lights; that plaintiff had failed to ascertain before making her turn that it could be made with reasonable safety; and that plaintiff was, therefore, contributorily negligent. (*Van Loo* v. *Tompkins County,* 36 A D 2d 998.) Contribtuory negligence is almost exclusively an issue of fact to be determined by a jury (*Wartels* v. *County Asphalt,* 29 N Y 2d 372), and on this record we see no reason to disturb its determination.

The judgment should be affirmed, without costs.

HERLIHY, P. J., COOKE, KANE and MAIN, JJ., concur.

Judgment affirmed, without costs.