FRANKLIN RHINEBARGER AND BETTE RHINEBARGER *v.* JOHN H. MUMMERT.

[No. 2-975A240. Filed April 28, 1977.]

*Floyd F. Cook, Cook and Cook,* of Kokomo, for appellants.

*Miller, Tolbert, Hirschauer & Wildman,* of Logansport, for appellee.

WHITE, J.—The appellants (Rhinebargers) sued the appellee (Mummert) for damages for personal injuries to both, allegedly the result of an automobile collision. A jury found for Mummert. Rhinebargers argue that the trial court erred in giving a seat belt instruction, and that the verdict was contrary to law.

For error in giving the instruction, we reverse.

Virtually all the evidence concerning the accident is undisputed. The street involved is three lanes wide, two southbound and one northbound, and passes under a railroad north of the point of collision. The Rhinebargers' car was stopped in the inside southbound lane behind a vehicle waiting to make a left turn. Mummert's southbound car hit the rear of Rhinebargers' because Mummert's attention had been diverted by a truck stopped in the northbound lane while its driver stood on the fender attempting to determine whether his truck would clear the overpass. Both Franklin Rhinebarger, who

was driving, and his wife, Bette Rhinebarger, sitting beside him, hit the sun visors. Neither was wearing a seat belt though the car was equipped with one for each.

There is some dispute as to the extent of injury sustained by the Rhinebargers. There evidence indicates permanent injury; Mummert's suggests slight injury at worst. There is apparently no dispute that some "whiplash" occurred and that some medical expense resulted.

The trial court gave the following final instruction tendered by Mummert:

> "I instruct you that there is evidence in this case that the plaintiff failed to use an available seat belt. If you find from the facts in this case that the injury or injuries of which plaintiff complains could have been avoided by the use of an available seat belt, I instruct you that you may take such facts into consideration in your determination of whether or not the plaintiff was either guilty of contributory negligence or incurring the risk of injury by such failure."[1]

The only evidence suggesting possible avoidance of injury had seat belts been worn was elicited during the cross-examination of one Robert Kerns, a police officer who investigated the accident and was called as a witness by Rhinebargers, apparently to testify as to Mummert's on-the-scene admissions:

> "Q. And you say they [seat belts] evidently were not [being used], why do you make that answer to that question?
>
> "A. Well I feel that the type of seat belt in the car would have prevented any type of whipping; being hit.
>
> "Q. When you say whipping, are you referring to whip lash injury?
>
> "A. Yes sir.
>
> "Q. The type of accident that occurred was in fact a rear end accident, is that correct?

---

1. The jury apparently was not given instructions defining either "contributory negligence" or "incurring the risk" since the record contains no such instructions. It does show that Mummert's tendered instruction on incurring the risk was refused.

"A. Yes sir.

"Q. In which the defendant Mr. Mummert's car struck the vehicle being operated by Mr. Rhinebarger?

"A. Yes sir.

"Q. Is it your testimony then that the seat belt and harness would have prevented the type of injury which Mrs. Rhinebarger and Mr. Rhineberger [sic], in the nature of the whip lash?

"A. In my opinion yes.

"Witness excused."

*Birdsong* v. *ITT Continental Baking Company* (1974), 160 Ind. App. 411, 312 N.E.2d 104, 108, held it reversible error to give an instruction which permitted the jury to find that plaintiff's failure to use a seat belt was contributory negligence and to not award damages for injuries thereby caused. Among the reasons was "insufficient evidence . . . to permit the application of such a doctrine". *Gibson* v. *Henninger* (1976), 170 Ind. App. 55, 350 N.E.2d 631, 634, held a seat belt instruction was properly refused because "[t]here was no evidence that had [plaintiff] been 'buckled up' . . . she would not have . . . sustained injury." See also: *Kavanagh* v. *Butorac* (1966), 140 Ind. App. 139, 221 N.E.2d 824. These cases have one common element, an indication that the evidnce was insufficient to support a finding that the failure to wear seat-belts caused or contributed to the injury.[2] In *Kavanagh, supra* (140 Ind. App. 139), the first and still the basic case, there was testimony by experts and some documentary evidence, not all of which was admitted, but the court said (140 Ind. App. 149) :

"We recognize possibility of the doctrine [of avoidable consequences] applying in some future date and in some matter where the circumstances are clearer than the instant case in showing that some part of the injury would not have occurred except for the fact that plaintiff failed to avoided the consequence of the tort by not fastening his seat belt."

2. It is for this reason only that we cite these cases, implying thereby neither agreement nor disagreement with any other principle expressed in either case.

This case does not fit that description. The only evidence of any possible relationship between Rhinebargers' injuries and their failure to wear seat belts is the opinion of a witness whose credentials as an expert are not demonstrated. He was not qualified as a safety expert nor was he shown to have extensive experience as a police officer. There is no indication of the extent or sources of his knowledge of Rhinebargers' injuries. In short, the instruction is but an invitation to the jury to speculate freely on matters unsupported by evidence.

Nor is it possible to hold that the giving of the instruction was harmless error, inasmuch as the verdict may be either a finding that Mummert was not negligent or that Rhinebargers cannot recover because they were not wearing their seat belts.

The judgment is reversed and the cause remanded with instructions to grant Rhinebargers a new trial and for further proceedings not inconsistent with this opinion.

Sullivan, J., concurs; Buchanan, P.J., concurs with opinion.

### CONCURRING OPINION

BUCHANAN, P.J.—I concur, but for different reasons from those stated by the majority.

I find it unnecessary to reach the question of whether the police officer was qualified as an expert because, in the absence of legislation requiring the use of seat belts, no evidence should have been admitted as to the so-called "seat belt defense".

Courts have taken a variety of approaches to the propriety of the "seat belt defense."

In the absence of a statutory requirement most courts are reluctant to hold that non-use of seat belts is negligence as a matter of law. *Kavanagh* v. *Butorac* (1966), 140 Ind. App. 139, 221 N.E.2d 824; *Kunze* v. *Stang* (N.D. 1971), 191

N.W.2d 526; *Bertsch* v. *Spears* (1969), 20 Ohio App.2d 137, 252 N.E.2d 194. Only a few courts have gone so far as to find a common law duty to use seat belts so that the trier of fact may determine that failure to use them constitutes contributory negligence. *Truman* v. *Vargas* (1969), 275 Cal. App. 2d 976, 80 Cal Rep. 373; *Bentzler* v. *Braun* (1967), 34 Wis.2d 362, 149 N.W.2d 626.[1]

A growing minority of courts have determined that although failure to use seat belts does not constitute contributory negligence, evidence of non-use can properly be considered as to mitigation of damages or avoidable consequences. *Henderson* v. *U.S.* (10th Cir. 1970), 429 F.2d 588; *Benner* v. *Interstate Container Corp.* (E.D. Pa. 2/8/77), 73 F. Supp. 502; *Pritts* v. *Lowery Trucking Co.* (W.D. Pa. 1975), 400 F. Supp. 867; *Glover* v. *Daniels* (D.C. Miss. 1970), 310 F. Supp. 750; *Mount* v. *McClellan* (1968), 91 Ill. App.2d 1, 234 N.E.2d 329; *Josel* v. *Rossi* (1972), 7 Ill. App.3d 1091, 288 N.E.2d 677; *Spier* v. *Barker* (1974), 35 N.Y.2d 444, 323 N.E.2d 164; *Estate of Abrams* v. *Woods* (1970), 64 Misc.2d 1093, 316 N.Y.S.2d 750; *Sonnier* v. *Ramsey* (Tex. Civ. App. 1968), 424 S.W.2d 684.

Such a theory seems, in effect, to impose liability for non-use of seat belts under the guise of failure to mitigate damages for an act (omission) that occurred *prior* to the event, which is inconsistent with mitigation which occurs *after* the event.

While the law on this subject is in a state of transition, the majority of courts considering the question reject the non-use of seat belts as a factor in the determination of liability or damages. *Woods* v. *Smith* (N.D. Fla. 1969), 296 F.

1. *Mays* v. *Dealers Transit, Inc.* (7th Cir. 1971), 441 F.2d 1344, a federal case interpreting Indiana law, held the giving of an instruction that failure to wear a seat belt is contributory negligence was not error, because the wearing of seat belts is suffiicently involved in the exercise of reasonable care as to be an issue of common law negligence in Indiana under proper circumstances.

This court is not bound by federal interpretation of Indiana law. *McFarland* v. *Phend and Brown, Inc.* (1974), 161 Ind. App. 695, 317 N.E.2d 460.

Supp. 1128; *Robinson* v. *Bone* (D.C. Ore. 1968), 285 F. Supp.
423; *Moore* v. *Fisher* (1973), 31 Colo. App. 425, 505 P.2d
383; *Clark* v. *State* (1970), 28 Conn. Supp. 398, 264 A.2d 366;
*Lipscomb* v. *Diamiani* (Del. 1967), 226 A.2d 914; *Brown* v.
*Kendrick* (Fla. 1966), 192 So.2d 49; *Lawrence* v. *Westchester
Fire Insurance Co.* (La. 1968), 213 So.2d 784; *Romankewiz*
v. *Black* (1969), 16 Mich. App. 119, 167 N.W.2d 606; *Miller*
v. *Haynes* (Mo. 1970), 454 S.W.2d 293; *Miller* v. *Miller*
(1968), 273 N.C. 228, 160 S.E.2d 65; *Roberts* v. *Bohn* (1971),
26 Ohio App.2d 50, 269 N.E.2d 53; *Genger* v. *Campbell* (1970),
256 Ore. 67, 469 P.2d 776; *Robinson* v. *Lewis* (1969), 254 Ore.
52, 457 P.2d 483.

The rationale usually is that there is no common law duty
to wear seat belts and no duty will be imposed absent a
statutory requirement . . . and the defendant takes the plain-
tiff as he finds him.

Indiana has a statute requiring all new vehicles to be
equipped with seat belts:

Required equipment.

Sec. 1. It is unlawful for any person to buy, sell, lease,
trade or transfer from or to Indiana residents at retail
an automobile which is manufactured or assembled com-
mencing with the 1964 models, unless such automobile is
equipped with safety belts installed for use in the front
seat thereof. (Formerly: Acts 1963, c. 130, s. 1). IC 9-
8-7-1.

Observe the statute merely requires that automobiles be
equipped with seat belts and is silent as to their use, required
or otherwise, by passengers.

Having gone this far, it is the prerogative of the Legislature
to determine if non-use of seat belts is a basis for liability. As
the court explained in *Lipscomb* v. *Diamiani, supra* at 916:

The life and death area with which we are dealing is
peculiarly suited for the legislative exploration and de-
velopment.

\* \* \*

"It may be that after further research by various safety committees, the law may be changed to require the use of seat belts and to affix some element of negligence for failure to use same. This is not the law today and *it is not within the province of this court to legislate on the subject,* regardless of what might be the thinking of the individual members of this court."

\* \* \*

The question of automobile safety is comprehensively considered in the Delaware statutory law. It is a vital and continuing concern to the Legislature. There can be little question but that *the legislative forum is a better one to explore the area than the isolated courtroom.* The Courts, as guardians of law, can do no greater disservice than fail to recognize the full role of the other branches of government. (emphasis supplied)

So, this court should not drift into the uncharted waters of judicial legislation. Until the Legislature acts we should follow the majority rule rejecting the non-use of seat belts as a basis of liability (contributory negligence) or mitigation of damages.

Thus I conclude that any evidence of non-use of seat belts should have been excluded.

NOTE.—Reported at 362 N.E.2d 184.