■ S.A.B. ENTERPRISES, INC., Doing Business as BRADY'S LAUNDRY AND DRY CLEANING, Appellant, v VILLAGE OF ATHENS, Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered April 7, 1982 in Greene County, upon a dismissal of the complaint by the court at Trial Term (Conway, J.), at the close of plaintiff's case. Plaintiff operates a commercial laundry utilizing water furnished by defendant Village of Athens. It appears from the record that on July 23, 1972 plaintiff discovered that linen being washed was stained and the water was discolored; that a water department official called by plaintiff could offer no solution to the problem; that in September of 1972 a professor of chemistry tested the water and found free-swimming organisms and decayed algae; and that further testing was conducted in October, 1973 and November, 1974 revealing that the water continued to be unsuitable for use in plaintiff's laundry operation. In October, 1973, plaintiff commenced the present action seeking damages on the grounds of negligence and breach of warranty. Evidence was admitted at the trial indicating that the staining of laundry was a common problem with the water supply. The trial court, however, precluded plaintiff from presenting any evidence of damages after July 23, 1972 on the ground that plaintiff's use of the water beyond that date with knowledge of its condition and effect constituted contributory negligence as a matter of law. The court's decision in this regard was based upon the case of *Oakes Mfg. Co. v City of New York* (206 NY 221) wherein a manufacturer sought to recover damages because of impure water furnished to it by New York City. The court therein stated that plaintiff, understanding the character of the water supplied to it, could not voluntarily use it with knowledge of its impurities and then recover damages because of them (*id.* at p 229). The findings in Oakes indicate that the water furnished was not injurious to public health and was reasonably satisfactory for all purposes except for the uncommon use to which it was put in the conduct of plaintiff's business (*id.* at p 230). In the present case, plaintiff was unable to produce proof as to the damages resulting on July 23, 1972 and, therefore, rested its case. The court then granted defendant's motion to dismiss the complaint for lack of proof of damages and this appeal ensued. The issue on this appeal narrows to whether the trial court properly precluded plaintiff from introducing proof of damages resulting after July 23, 1972 based upon the decision in *Oakes Mfg. Co. v City of New York* (206 NY 221, *supra*). We believe not. In our view, the court in *Oakes* was not setting forth an immutable rule that the knowing use of impure water by an industrial or commercial user constitutes contributory negligence as a matter of law. Where the issue concerns contributory negligence, it must be determined whether the plaintiff's conduct conformed to the standard which an ordinarily prudent person

would have observed under the circumstances (*O'Connor v G & R Packing Co.,* 74 AD2d 37, 49, affd 53 NY2d 278). Thus an examination of the facts and circumstances of each particular case is required. The issue is almost exclusively one of fact to be determined by a jury (*Spier v Barker,* 42 AD2d 428, 431, affd 35 NY2d 444). From our examination of the record in the instant case, we are of the opinion that the trial court improperly concluded that plaintiff's conduct after July 23, 1972 constituted contributory negligence as a matter of law and, therefore, the judgment must be reversed and a new trial ordered. Judgment reversed, on the law, and a new trial ordered, with costs to abide the event. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.